| DIST | OFF | DOCKET YR. NMBR | ORIG | FILE DATE | J | NATURE OF SUIT | | RULE 23 | DEMAND $1,000s | JUDGE | MAGISTRATE | COUNTY | JURY DEMAND? |
|------|-----|------|------|-----------|---|---------|---|------|------|------|------|------|------|
| 0758 | 3 | 07 0187 | 1 | 04/02/2007 | 3 | 830 | | No | | 5804 | 58BC | 88888 | Yes |

**CAUSE:** PROPERTY RIGHTS; Patent

## PLAINTIFF

QUALCOMM INCORPORATED

## DEFENDANTS

NOKIA CORPORATION
NOKIA INC.

### COUNSEL FOR PLAINTIFF

JAMES D. PETERSON
GODFREY & KAHN, S.C.
ONE EAST MAIN STREET, SUITE 500
P.O. BOX 2719
MADISON, WI 53701-2719
(608) 257-3911
*for:* QUALCOMM INCORPORATED

JOHN ALLCOCK
DLA PIPER US LLP
401 B STREET, SUITE 1700
SAN DIEGO, CA 92101-4240
(619) 699-2700
*for:* QUALCOMM INCORPORATED

TERRENCE P. MCMAHON
MCDERMOTT WILL & EMERY LLP
3150 PORTER DRIVE
PALO ALTO, CA 94304-1212

*for:* QUALCOMM INCORPORATED

M. ELIZABETH DAY
DLA PIPER US LLP
2000 UNIVERSITY AVENUE
PALO ALTO, CA 94303
(650) 833-2000
*for:* QUALCOMM INCORPORATED

JAMES R. BATCHELDER
DAY CASEBEER MADRID & BATCHELDER
20300 STEVENS CREEK BLVD., SUITE 400
CUPERTINO, CA 95014
(408) 873-0110
*for:* QUALCOMM INCORPORATED

### COUNSEL FOR DEFENDANTS

ALLEN A. ARNTSEN
FOLEY & LARDNER
150 EAST GILMAN STREET
PO BOX 1497
MADISON, WI 53701-1497
(608) 258-4293
*for:* NOKIA CORPORATION
        NOKIA INC.

CHARLES K. VERHOEVEN
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
50 CALIFORNIA STREET, 22 FLOOR
SAN FRANCISCO, CA 94111
(415) 875-6600
*for:* NOKIA CORPORATION
        NOKIA INC.

G. PETER ALBERT, JR.
FOLEY & LARDNER
11250 EL CAMINO REAL, SUITE 200
SAN DIEGO, CA 92130
(858) 847-6735
*for:* NOKIA CORPORATION
        NOKIA INC.

RYAN GOLDSTEIN
QUINN EMMANUEL URQUHART OLIVER &
HEDGES, LLP
865 FIGUEROA STREET, 10TH FLOOR
LOS ANGELES, CA 90017

*for:* NOKIA CORPORATION
        NOKIA INC.

ALAN L. WHITEHURST
ALSTON & BIRD LLP
THE ATLANTIC BUILDING
950 F STREET, NW
WASHINGTON, DC
*for:* NOKIA CORPORATION

A TRUE COPY, Certified
JUL 1 8 2007
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By _____
        Deputy Clerk

JOHN D. HAYNES
ALSTON & BIRD LLP
ONE ATLANTIC CENTER
1201 W. PEACHTREE STREET
ATLANTA, GA 30309
*for:* NOKIA CORPORATION
    NOKIA INC.

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 04/02/2007 | | NORTC - FEE PAID. |
| 04/02/2007 | 001 | JS-44 |
| 04/02/2007 | 002 | COMPLAINT - SUMMONS ISSUED. |
| 04/02/2007 | 003 | DISCLOSURE OF CORP. AFFIL. & FINAN. INT. BY PLTF. |
| 04/13/2007 | | RECD. STIPULATION AND PROPOSED ORDER FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING. |
| 04/16/2007 | 004 | STIPULATION AND ORDER EXTENDING RESPONSIVE PLEADING DUE DATE TO 5/24/07. (SLC) |
| 05/02/2007 | | PPTC RESCHEDULED TO 5/9/07 AT 11:00 AM. (SLC) |
| 05/02/2007 | 005 | JOINT PPTC REPORT. |
| 05/02/2007 | 006 | MOTION TO ADMIT MARSHALL SEARCY AND ERICA P. TAGGART PRO HAC VICE. |
| 05/02/2007 | 007 | AFFIDAVIT OF MARSHALL SEARCY. |
| 05/02/2007 | 008 | AFFIDAVIT OF ERICA P. TAGGART. |
| 05/03/2007 | 009 | ORDER ADMITTING MARSHALL SEARCY AND ERICA TAGGART PRO HAC VICE. (SLC) |
| 05/03/2007 | 010 | MOTION BY DEFT. QUALCOMM TO ADMIT M. ELIZABETH DAY PRO HAC VICE W/AFFIDAVIT OF JAMES D. PETERSON. |
| 05/04/2007 | 011 | ORDER GRANTING DEFT. QUALCOMM MOTION TO ADMIT M. ELIZABETH DAY PRO HAC VICE. (TMO) CC MLD. |
| 05/08/2007 | 012 | MOTION BY PLTF. TO ADMIT KATHRYN B. RILEY PRO HAC VICE W/AFFIDAVIT OF JAMES D. PETERSON. |
| 05/09/2007 | 013 | ORDER GRANTING PLTF. MOTION TO ADMIT KATHRYN B. RILEY PRO HAC VICE. (TMO) CC MLD. |
| 05/09/2007 | 014 | MOTION BY DEFTS. TO STAY PENDING ARBITRATION. (SEALED) |
| 05/09/2007 | 015 | AFFIDAVIT OF ERICA P. TAGGART. (SEALED) |
| 05/09/2007 | 016 | MOTION BY DEFTS. FOR LEAVE TO FILE MOTION TO STAY UNDER SEAL. |
| 05/09/2007 | 017 | AFFIDAVIT OF ERICA P. TAGGART. |
| 05/09/2007 | 018 | MOTION BY DEFTS. TO ADMIT KEITH E. BROYLES, JOHN D. HAYNES AND ALAN L. WHITEHURST PRO HAC VICE. |
| 05/09/2007 | 019 | AFFIDAVIT OF KEITH E. BROYLES. |
| 05/09/2007 | 020 | AFFIDAVIT OF JOHN D. HAYNES. |
| 05/09/2007 | 021 | AFFIDAVIT OF ALAN L. WHITEHURST. |
| 05/09/2007 | 022 | MOTION BY DEFTS. TO ADMIT A. WILLIAM URQUHART AND RYAN GOLDSTEIN PRO HAC VICE. |
| 05/09/2007 | 023 | AFFIDAVIT OF A. WILLIAM URQUHART. |
| 05/09/2007 | 024 | AFFIDAVIT OF RYAN GOLDSTEIN. |
| 05/09/2007 | 025 | SUMMONS |
| 05/10/2007 | 026 | ORDER GRANTING DEFTS. MOTION TO ADMIT KEITH BROYLES, JOHN HAYNES AND ALAN WHITEHURST PRO HAC VICE. (TMO) CC MLD. |
| 05/10/2007 | 027 | ORDER GRANTING DEFTS. MOTION TO ADMIT WILLIAM URQUHART AND RYAN GOLDSTEIN PRO HAC VICE. (TMO) CC MLD. |
| 05/11/2007 | 028 | PTC ORDER ; AMENDMENTS TO PLEADINGS DUE 8/17/07; DISP. MOTIONS DUE 11/30/07. (SLC) |
| 05/23/2007 | | BRIEFING SET ON DEFTS. MOTION TO STAY (#14); RESPONSE DUE 5/30/07, REPLY DUE 6/4/07. (SLC) |
| 05/23/2007 | | TELEPHONE MOTION HEARING SET FOR 6/7/07 AT 8:45 A.M. |
| 05/23/2007 | 029 | COUNTERCLAIM OF DEFTS. NOKIA CORPORATION AND NOKIA, INC. |

*(Continued on next page...)*

UNITED STATES DISTRICT COURT DOCKET                                         (REV. 3/89)

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 05/24/2007 | 030 | MOTION BY DEFTS. FOR LEAVE TO FILE MOTION TO DISMISS UNDER SEAL. |
| 05/24/2007 | 031 | AFFIDAVIT OF ERICA TAGGART. |
| 05/24/2007 | 032 | MOTION BY DEFTS. TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALT. FOR MORE DEFINITE STATEMENT. (SEALED) |
| 05/24/2007 | 033 | BRIEF IN SUPPORT OF DEFTS. MOTION TO DISMISS OR IN THE ALT. FOR MORE DEFINITE STATEMENT. (SEALED) |
| 05/24/2007 | 034 | AFFIDAVIT OF ERICA TAGGART. (SEALED) |
| 05/24/2007 | 035 | MOTION BY PLTF. FOR EXTENSION OF TIME TO OPPOSE DEFTS. MOTION TO STAY. |
| 05/24/2007 | 036 | AFFIDAVIT OF EDWARD SIKORSKI. |
| 05/24/2007 | 037 | MOTION BY DEFTS. TO TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA. |
| 05/24/2007 | 038 | BRIEF IN SUPPORT OF DEFTS. MOTION TO TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA. |
| 05/25/2007 | 039 | AFFIDAVIT OF ROB GIVENS. |
| 05/25/2007 | 040 | AFFIDAVIT OF ERICA TAGGART. (SEALED) |
| 05/25/2007 | 041 | MOTION BY DEFTS. FOR LEAVE TO FILE MOTION TO TRANSFER MATERIALS UNDER SEAL. |
| 05/25/2007 | 042 | AFFIDAVIT OF ERICA P. TAGGART. |
| 05/28/2007 | 043 | BRIEF IN OPPOSITION BY DEFTS. TO PLTF. MOTION FOR EXTENSION OF TIME. |
| 05/25/2007 | 044 | ORDER GRANTING PLTF. MOT./EXT. OF TIME; PLTF RESPONSE TO MOT./STAY DUE 6/6/07; REPLY 6/13/07; HRG. 6/14/07 AT 1:00.(SLC) |
| 05/29/2007 | 045 | MOTION BY DEFTS. TO ADMIT CHARLES VERHOEVEN PRO HAC VICE. |
| 05/29/2007 | 046 | AFFIDAVIT OF CHALES K. VERHOEVEN. |
| 05/29/2007 | 047 | ORDER AMENDING BRFG. ON MOTION TO STAY; PLTF. RESPONSE 6/6/07; DEFTS. REPLY 6/15/07; HRG. 6/19/07 AT 1:00. (SLC) |
| 05/31/2007 | 048 | ORDER ADMITTING CHARLES VERHOEVEN PRO HAC VICE. (TMO) CC MLD |
| 06/06/2007 | 049 | COMPLAINT - 1ST AMENDED. |
| 06/06/2007 | 050 | MOTION BY PLTF. FOR LEAVE TO FILE BRIEF IN OPPO. TO DEFTS. MOTION TO STAY UNDER SEAL. |
| 06/06/2007 | 051 | AFFIDAVIT OF KATHRYN B. RILEY. |
| 06/06/2007 | 052 | BRIEF IN OPPOSITION BY PLTF. TO DEFTS. MOTION TO STAY PENDING ARBITRATION. (SEALED) |
| 06/06/2007 | 053 | AFFIDAVIT OF KATHRYN B. RILEY. |
| 06/11/2007 | 054 | MOTION BY PLTF. TO ADMIT EDWARD SIKORSKI, JOHN ALLCOCK, SEAN CUNNINGHAM, MICHAEL HAN AND AARON WAINSCOAT PRO HAC VICE. |
| 06/11/2007 | 055 | AFFIDAVIT OF JAMES D. PETERSON IN SUPPORT OF ADMITTING EDWARD H. SIKORSKI PRO HAC VICE. |
| 06/11/2007 | 056 | AFFIDAVIT OF JAMES D. PETERSON IN SUPPORT OF ADMITTING JOHN ALLCOCK PRO HAC VICE. |
| 06/11/2007 | 057 | AFFIDAVIT OF JAMES D. PETERSON IN SUPPORT OF ADMITTING SEAN C. CUNNINGHAM PRO HAC VICE. |
| 06/11/2007 | 058 | AFFIDAVIT OF JAMES D. PETERSON IN SUPPORT OF ADMITTING MICHAEL HAN PRO HAC VICE. |
| 06/11/2007 | 059 | AFFIDAVIT OF JAMES D. PETERSON IN SUPPORT OF ADMITTING AARON WAINSCOAT PRO HAC VICE. |

*(Continued on next page...)*

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 06/12/2007 | 060 | ORDER GRANTING PLTF. MOT./ADMIT ATTYS. SIKORSKI, ALLCOCK, CUNNINGHAM, HAN AND WAINSCOAT PRO HAC VICE. (TMO) CC MLD. |
| 06/12/2007 | 061 | MOTION (STIPULATED) FOR EXTENSION OF TIME TO RESPOND TO DEFTS. COUNTERCLAIMS AND PLTF. FIRST AMENDED COMPLAINT. |
| 06/12/2007 | 062 | DEFTS. NOTICE OF WITHDRAWAL OF MOTION TO STAY PENDING ARBITRATION AND MOTION TO DISMISS FOR FAILURE TO STATE CLAIM. |
| 06/14/2007 | 063 | ORDER GRANTING STIPULATED MOT/EXT; RESPONSES TO CTRCLM AND 1ST AMENDED CMPLT DUE 7 DAYS AFTER MOTS/STAY RULED ON. (SLC) |
| 06/14/2007 | 064 | BRIEF IN OPPOSITION BY PLTF. TO DEFTS. MOTION TO TRANSFER. (SEALED) |
| 06/14/2007 | 065 | AFFIDAVIT OF AARON WAINSCOAT. |
| 06/19/2007 | 066 | MOTION BY PLTF. TO STAY DEFTS. COUNTERCLAIMS. |
| 06/19/2007 | 067 | BRIEF IN SUPPORT OF PLTF. MOTION TO STAY DEFTS. COUNTERCLAIMS. (SEALED) |
| 06/19/2007 | 068 | AFFIDAVIT OF KATHRYN B. RILEY. (SEALED) |
| 06/20/2007 | | BRIEFING SET ON PLTF. MOTION TO STAY (#67); RESPONSE DUE 7/3/07, REPLY DUE 7/9/07. (BBC) |
| 06/20/2007 | 069 | DISCLOSURE OF CORP. AFFIL. & FINAN. INT. BY DEFTS. |
| 06/25/2007 | 070 | BRIEF IN REPLY IN SUPPORT OF DEFTS. MOTION TO TRANSFER TO SOUTHERN DISTRICT OF CALIFORNIA. |
| 06/25/2007 | 071 | AFFIDAVIT OF KEITH E. BROYLES. |
| 06/29/2007 | 072 | MOTION BY PLTF. FOR LEAVE TO FILE SUR-REPLY TO DEFTS. MOTION TO TRANSFER. |
| 06/29/2007 | 073 | PLTF. SUR-REPLY IN OPPOSITION TO DEFTS. MOTION TO TRANSFER. |
| 06/29/2007 | 074 | AFFIDAVIT OF KATHRYN B. RILEY. |
| 07/03/2007 | 075 | COUNTERCLAIM OF DEFTS. - AMENDED. AND DEMAND FOR TRIAL BY JURY. |
| 07/03/2007 | 076 | PLTF. WITHDRAWL OF OPPOSITION TO DEFT. MOTION TO TRANSFER. |
| 07/03/2007 | 077 | MOTION BY DEFTS. FOR LEAVE TO FILE AMENDED MOTION TO STAY MATERIALS UNDER SEAL. |
| 07/03/2007 | 078 | AFFIDAVIT OF ERICA P. TAGGART. |
| 07/03/2007 | 079 | MOTION - AMENDED BY DEFTS. TO STAY PENDING ARBITRATION. |
| 07/03/2007 | 080 | BRIEF IN SUPPORT OF DEFTS. AMENDED MOTION TO STAY PENDING ARBITRATION. (SEALED) |
| 07/03/2007 | 081 | AFFIDAVIT OF ERICA P. TAGGART IN SUPPORT OF DEFTS. AMENDED MOTION TO STAY PENDING ARBITRATION. (SEALED) |
| 07/03/2007 | 082 | AFFIDAVIT OF ALASTAIR BLACK. (SEALED) |
| 07/03/2007 | 083 | BRIEF IN OPPOSITION BY DEFTS. TO PLTF. MOTION TO STAY COUNTERCLAIMS. (SEALED) |
| 07/03/2007 | 084 | AFFIDAVIT OF ERICA P. TAGGART. (SEALED) |
| 07/03/2007 | 085 | MOTION BY DEFTS. FOR LEAVE TO FILE OPPOSITION TO MOTION TO STAY MATERIALS UNDER SEAL. |
| 07/03/2007 | 086 | AFFIDAVIT OF ERICA P. TAGGART. |
| 07/09/2007 | 087 | BRIEF IN REPLY IN SUPPORT OF PLTF. MOTION TO STAY DEFTS. COUNTERCLAIMS PENDING ARBITRATION. (SEALED) |
| 07/11/2007 | 088 | MOTION BY DEFTS. FOR LEAVE TO FILE CORRECTED DECLARATION OF ERICA P. TAGGART UNDER SEAL. |
| 07/11/2007 | 089 | AFFIDAVIT OF ERICA P. TAGGART. |

*(Continued on next page...)*

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 07/11/2007 | 090 | MOTION BY DEFTS. TO FILE CORRECTED DECLARATION OF ERICA P. TAGGART IN SUPPORT OF OPPO. TO PLTF. MOTION TO STAY. |
| 07/11/2007 | 091 | AFFIDAVIT (CORRECTED) OF ERICA P. TAGGART. (SEALED) |
| 07/12/2007 | 092 | ORDER GRANTING DEFTS. MOTIONTO TRANSFER CASE TO SOUTHERN DISTRICT OF CALIFORNIA. |
| 07/18/2007 | | RECORD TRANSFERED TO SOUTHERN DISTRICT OF CALIFORNIA. |

'07 CV   1366 JM   (LSP)

DOCKET #

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUALCOMM INCORPORATED,

                                        Plaintiff,

                                                            07-C-187-C

            v.

NOKIA CORPORATION and
NOKIA INC.,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On April 4, 2007, plaintiff Qualcomm Incorporated filed this civil action, contending

that defendants Nokia Corporation and Nokia, Inc. are infringing two of its patents related

to mobile communication device technology.  Jurisdiction is present under 28 U.S.C. §§

1331, 1338(a).

        Now before the court is defendants' motion to transfer venue, filed May 24, 2007.

In that motion, defendants ask the court to transfer this case to the Southern District of

California on the ground that a similar action involving the same parties is now pending

before that court.  Moreover, defendants contend that all parties have offices in Southern

California and have no connection to Wisconsin except through the sale of their products.

1

A TRUE COPY. Certified
JUL 1 8 2007
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By
        Deputy Clerk

Although originally plaintiff opposed the motion, on July 3, 2007, plaintiff withdrew its opposition to transfer.  The parties now concede that their connection to this forum is tenuous, that similar litigation is pending before the California district court  and that the Southern District of California is the more convenient forum for the resolution of their dispute.   Given those facts, I find that transfer is proper under 28 U.S.C. § 1404(a).  Therefore, IT IS ORDERED that the motion to transfer this case to the Southern District of California filed by defendants Nokia Corporation and Nokia, Inc. is GRANTED.

Entered this _____ 9th _____ day of July, 2007.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

2

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/11/2007 | 091 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

**AFFIDAVIT (CORRECTED) OF ERICA P. TAGGART. (SEALED)**

☐ **If this box is checked, this document is under seal pursuant to a court order.**

DOC NO
REC'D/FILED   **90**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN   2007 JUL 11  PM 4: 07

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

QUALCOMM INCORPORATED,

    Plaintiff and Counterclaim Defendant,

  v.                                    CASE NO. 07 C 0187 C

NOKIA CORPORATION and NOKIA, INC.,

    Defendants and Counterclaim Plaintiffs.

---

**DEFENDANTS' MOTION TO FILE A CORRECTED DECLARATION OF ERICA P.
TAGGART IN SUPPORT OF THEIR OPPOSITION TO QUALCOMM'S MOTION TO
STAY**

---

    Defendants and Counterclaim Plaintiffs Nokia Corporation and Nokia, Inc. ("Nokia"), by
their undersigned attorneys, hereby move this Court to withdraw the declaration of Erica P.
Taggart filed on July 3, 2007 in support of Nokia's Brief In Opposition To Qualcomm's Motion
to Stay Counterclaims Pending Arbitration, and to replace it with a corrected declaration of Erica
P. Taggart.

    It has come to Nokia's attention that the Taggart Declaration filed on July 3, 2007,
contains an inadvertently produced privileged document.

    For the forgoing reason, Nokia respectfully requests that this Court grant this motion and
order that the previously filed declaration of Erica P. Taggart be withdrawn from the record and
be replaced with a corrected declaration attached herewith.

    Dated this 11th day of July 2007.

                      /s/ Allen A. Arntsen

                Allen A. Arntsen (WBN 1015038)
                **FOLEY & LARDNER LLP**
                150 E. Gilman Street
                P.O. Box 1497
                Madison, WI 53701-1497
                Telephone:    (608) 258-4293
                Facsimile:     (608) 258-4258

G. Peter Albert, Jr.
**FOLEY & LARDNER LLP**
11250 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:     (858) 847-6700
Facsimile:      (858) 792-6773

*Attorneys for Defendants*
*Nokia Corporation and Nokia, Inc.*

OF COUNSEL:

A. William Urquhart (CA Bar No. 140996)
Marshall M. Searcy III (CA Bar No. 169269)
Erica P. Taggart (CA Bar No. 215817)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Charles K. Verhoeven (CA Bar No. 170151)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 9411
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Keith E. Broyles
John D. Haynes
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Attorneys for Defendants,*
*Nokia Corporation and Nokia, Inc.*

DOC NO
REC'D/FILED

**89**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

2007 JUL 11  PM 4: 07

THERESA M. OWENS
CLERK US DIST. COURT
WD OF WI

QUALCOMM INCORPORATED,

      Plaintiff and Counterclaim Defendant,

    v.

                                CASE NO. 07 C 0187 C

NOKIA CORPORATION and NOKIA, INC.,

      Defendants and Counterclaim Plaintiffs.

---

## DECLARATION OF ERICA P. TAGGART IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE CORRECTED DECLARATION OF ERICA P. TAGGART MATERIALS UNDER SEAL

---

    I, Erica Taggart, state that:

    1.    I am an attorney duly licensed to practice in California and admitted to practice before this Court *pro hac vice.* I am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for Defendants and Counterclaim Plaintiffs Nokia, Inc. and Nokia Corporation (collectively, "Nokia"). I make this declaration in support of Nokia's Motion for Leave to File Corrected Declaration of Erica P. Taggart Materials Under Seal. I have personal, first hand knowledge of the facts stated herein, and if called and sworn as a witness, could and would testify competently hereto.

    2.    Nokia's corrected declaration of Erica P. Taggart contains a July 2, 2001 agreement between Nokia and Qualcomm, the terms of which are confidential. This agreement contains highly sensitive business information, such as Qualcomm's royalty rates and payment information, that Nokia contractually is not permitted to file in the public record.

    3.    Nokia's corrected declaration of Erica P. Taggart also contains documents filed in confidential proceedings before the American Arbitration Association, and information provided in discovery pursuant to a judicial confidentiality order in a case pending before the Court of

Chancery for Castle County, Delaware.  These proceedings have orders or rules in place which prohibit Nokia from disclosing such confidential information to third parties.

4.      Attached as Exhibit A is a true and correct copy of the American Arbitration Association's International Arbitration Rules, of which Article 34 relates to the confidentiality of proceedings.

5.      Attached as Exhibit B is a true and correct copy of an order from the Court of Chancery of the State of Delaware in the case captioned *Nokia Corporation v. Qualcomm Inc.*, Case No. 2330-N, governing the production and use of confidential information in that action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 11, 2007, at Los Angeles, California.


_Eri P. Tagart_

Erica P. Taggart (CA Bar No. 215817)
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

# EXHIBIT A

INTERNATIONAL ARBITRATION RULES

Article 1

1. Where parties have agreed in writing to arbitrate disputes under these International Arbitration Rules or have provided for arbitration of an international dispute by the International Centre for Dispute Resolution or the American Arbitration Association without designating particular rules, the arbitration shall take place in accordance with these rules, as in effect at the date of commencement of the arbitration, subject to whatever modifications the parties may adopt in writing.

2. These rules govern the arbitration, except that, where any such rule is in conflict with any provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

3. These rules specify the duties and responsibilities of the administrator, the International Centre for Dispute Resolution, a division of the American Arbitration Association. The administrator may provide services through its Centre, located in New York, or through the facilities of arbitral institutions with which it has agreements of cooperation.

R-1. Commencing the Arbitration

Notice of Arbitration and Statement of Claim

Article 2

1. The party initiating arbitration ("claimant") shall give written notice of arbitration to the administrator and at the same time to the party against whom a claim is being made ("respondent").

2. Arbitral proceedings shall be deemed to commence on the date on which the administrator receives the notice of arbitration.

3. The notice of arbitration shall contain a statement of claim including the following:

   (a) a demand that the dispute be referred to arbitration;

   (b) the names, addresses and telephone numbers of the parties;

   (c) a reference to the arbitration clause or agreement that is invoked;

   (d) a reference to any contract out of or in relation to which the dispute arises;

   (e) a description of the claim and an indication of the facts supporting it;

   (f) the relief or remedy sought and the amount claimed; and

   (g) may include proposals as to the means of designating and the number of arbitrators, the place of arbitration and the language(s) of the arbitration.

4. Upon receipt of the notice of arbitration, the administrator shall communicate with all parties with respect to the arbitration and shall acknowledge the commencement of the arbitration.

Statement of Defense and Counterclaim

Article 3

1. Within 30 days after the commencement of the arbitration, a respondent shall submit a written statement of defense, responding to the issues raised in the notice of arbitration, to the claimant and any other parties, and to the administrator.

2. At the time a respondent submits its statement of defense, a respondent may make counterclaims or assert setoffs as to any claim covered by the agreement to arbitrate, as to which the claimant shall within 30 days submit a written statement of defense to the respondent and any other parties and to the administrator.

3. A respondent shall respond to the administrator, the claimant and other parties within 30 days after the commencement of the arbitration as to any proposals the claimant may have made as to the number of arbitrators, the place of the arbitration or the language(s) of the arbitration, except to the extent that the parties have previously agreed as to these matters.

4. The arbitral tribunal, or the administrator if the arbitral tribunal has not yet been formed, may extend any of the time limits established in this article if it considers such an extension justified.

Amendments to Claims

Article 4

During the arbitral proceedings, any party may amend or supplement its claim, counterclaim or defense, unless the tribunal considers it inappropriate to allow such amendment or supplement because of the party's delay in making it, prejudice to the other parties or any other circumstances. A party may not amend or supplement a claim or counterclaim if the amendment or supplement would fall outside the scope of the agreement to arbitrate.

R-2. The Tribunal

Number of Arbitrators

Article 5

If the parties have not agreed on the number of arbitrators, one arbitrator shall be appointed unless the administrator determines in its discretion that three arbitrators are appropriate because of the large size, complexity or other circumstances of the case.

Appointment of Arbitrators

Article 6

1. The parties may mutually agree upon any procedure for appointing arbitrators and shall inform the administrator as to such procedure.

2. The parties may mutually designate arbitrators, with or without the assistance of the administrator. When such designations are made, the parties shall notify the administrator so that notice of the appointment can be communicated to the arbitrators, together with a copy of these rules.

3. If within 45 days after the commencement of the arbitration, all of the parties have not mutually agreed on a procedure for appointing the arbitrator(s) or have not mutually agreed on the designation of the arbitrator(s), the administrator shall, at the written request of any party, appoint the arbitrator(s) and designate the presiding arbitrator. If all of the parties have mutually agreed upon a procedure for appointing the arbitrator(s), but all appointments have not been made within the time limits provided in that procedure, the administrator shall, at the written request of any party, perform all functions provided for in that procedure that remain to be performed.

4. In making such appointments, the administrator, after inviting consultation with the parties, shall endeavor to select suitable arbitrators. At the request of any party or on its own initiative, the administrator may appoint nationals of a country other than that of any of the parties.

5. Unless the parties have agreed otherwise no later than 45 days after the commencement of the arbitration, if the notice of arbitration names two or more claimants or two or more respondents, the administrator shall appoint all the arbitrators.

Impartiality and Independence of Arbitrators

Article 7

1. Arbitrators acting under these rules shall be impartial and independent. Prior to accepting appointment, a prospective arbitrator shall disclose to the administrator any circumstance likely to give rise to justifiable doubts as to the arbitrator's impartiality or independence. If, at any stage during the arbitration, new circumstances arise that may give rise to such doubts, an arbitrator shall promptly disclose such circumstances to the parties and to the administrator. Upon receipt of such information from an arbitrator or a party, the administrator shall communicate it to the other parties and to the tribunal.

2. No party or anyone acting on its behalf shall have any ex parte communication relating to the case with any arbitrator, or with any candidate for appointment as party-appointed arbitrator except to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability or independence in relation to the parties, or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party designated arbitrators are to participate in that selection. No party or anyone acting on its behalf shall have any ex parte communication relating to the case with any candidate for presiding arbitrator.

## Challenge of Arbitrators

### Article 8

1. A party may challenge any arbitrator whenever circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality or independence. A party wishing to challenge an arbitrator shall send notice of the challenge to the administrator within 15 days after being notified of the appointment of the arbitrator or within 15 days after the circumstances giving rise to the challenge become known to that party.

2. The challenge shall state in writing the reasons for the challenge.

3. Upon receipt of such a challenge, the administrator shall notify the other parties of the challenge. When an arbitrator has been challenged by one party, the other party or parties may agree to the acceptance of the challenge and, if there is agreement, the arbitrator shall withdraw. The challenged arbitrator may also withdraw from office in the absence of such agreement. In neither case does withdrawal imply acceptance of the validity of the grounds for the challenge.

### Article 9

If the other party or parties do not agree to the challenge or the challenged arbitrator does not withdraw, the administrator in its sole discretion shall make the decision on the challenge.

## Replacement of an Arbitrator

### Article 10

If an arbitrator withdraws after a challenge, or the administrator sustains the challenge, or the administrator determines that there are sufficient reasons to accept the resignation of an arbitrator, or an arbitrator dies, a substitute arbitrator shall be appointed pursuant to the provisions of Article 6, unless the parties otherwise agree.

### Article 11

1. If an arbitrator on a three-person tribunal fails to participate in the arbitration for reasons other than those identified in Article 10, the two other arbitrators shall have the power in their sole discretion to continue the arbitration and to make any decision, ruling or award, notwithstanding the failure of the third arbitrator to participate. In determining whether to continue the arbitration or to render any decision, ruling or award without the participation of an arbitrator, the two other arbitrators shall take into account the stage of the arbitration, the reason, if any, expressed by the third arbitrator for such nonparticipation, and such other matters as they consider appropriate in the circumstances of the case. In the event that the two other arbitrators determine not to continue the arbitration without the participation of the third arbitrator, the administrator on proof satisfactory to it shall declare the office vacant, and a substitute arbitrator shall be appointed pursuant to the provisions of Article 6, unless the parties otherwise agree.

2. If a substitute arbitrator is appointed under either Article 10 or Article 11, the tribunal shall determine at its sole discretion whether all or part of any prior hearings shall be repeated.

## R-3. General Conditions

## Representation

### Article 12

Any party may be represented in the arbitration. The names, addresses and telephone numbers of representatives shall be communicated in writing to the other parties and to the administrator. Once the tribunal has been established, the parties or their representatives may communicate in writing directly with the tribunal.

Place of Arbitration

Article 13

1. If the parties disagree as to the place of arbitration, the administrator may initially determine the place of arbitration, subject to the power of the tribunal to determine finally the place of arbitration within 60 days after its constitution. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

2. The tribunal may hold conferences or hear witnesses or inspect property or documents at any place it deems appropriate. The parties shall be given sufficient written notice to enable them to be present at any such proceedings.

Language

Article 14

If the parties have not agreed otherwise, the language(s) of the arbitration shall be that of the documents containing the arbitration agreement, subject to the power of the tribunal to determine otherwise based upon the contentions of the parties and the circumstances of the arbitration. The tribunal may order that any documents delivered in another language shall be accompanied by a translation into the language(s) of the arbitration.

Pleas as to Jurisdiction

Article 15

1. The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

2. The tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the tribunal that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

3. A party must object to the jurisdiction of the tribunal or to the arbitrability of a claim or counterclaim no later than the filing of the statement of defense, as provided in Article 3, to the claim or counterclaim that gives rise to the objection. The tribunal may rule on such objections as a preliminary matter or as part of the final award.

Conduct of the Arbitration

Article 16

1. Subject to these rules, the tribunal may conduct the arbitration in whatever manner it considers appropriate, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

2. The tribunal, exercising its discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute. It may conduct a preparatory conference with the parties for the purpose of organizing, scheduling and agreeing to procedures to expedite the subsequent proceedings.

3. The tribunal may in its discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

4. Documents or information supplied to the tribunal by one party shall at the same time be communicated by that party to the other party or parties.

Further Written Statements

Article 17

1. The tribunal may decide whether the parties shall present any written statements in addition to statements of claims and counterclaims and statements of defense, and it shall fix the periods of time for submitting any such statements.

2. The periods of time fixed by the tribunal for the communication of such written statements should not exceed 45 days. However, the tribunal may extend such time limits if it considers such an extension justified.

Notices

Article 18

1. Unless otherwise agreed by the parties or ordered by the tribunal, all notices, statements and written communications may be served on a party by air mail, air courier, facsimile transmission, telex, telegram or other written forms of electronic communication addressed to the party or its representative at its last known address or by personal service.

2. For the purpose of calculating a period of time under these rules, such period shall begin to run on the day following the day when a notice, statement or written communication is received. If the last day of such period is an official holiday at the place received, the period is extended until the first business day which follows. Official holidays occurring during the running of the period of time are included in calculating the period.

Evidence

Article 19

1. Each party shall have the burden of proving the facts relied on to support its claim or defense.

2. The tribunal may order a party to deliver to the tribunal and to the other parties a summary of the documents and other evidence which that party intends to present in support of its claim, counterclaim or defense.

3. At any time during the proceedings, the tribunal may order parties to produce other documents, exhibits or other evidence it deems necessary or appropriate.

Hearings

Article 20

1. The tribunal shall give the parties at least 30 days advance notice of the date, time and place of the initial oral hearing. The tribunal shall give reasonable notice of subsequent hearings.

2. At least 15 days before the hearings, each party shall give the tribunal and the other parties the names and addresses of any witnesses it intends to present, the subject of their testimony and the languages in which such witnesses will give their testimony.

3. At the request of the tribunal or pursuant to mutual agreement of the parties, the administrator shall make arrangements for the interpretation of oral testimony or for a record of the hearing.

4. Hearings are private unless the parties agree otherwise or the law provides to the contrary. The tribunal may require any witness or witnesses to retire during the testimony of other witnesses. The tribunal may determine the manner in which witnesses are examined.

5. Evidence of witnesses may also be presented in the form of written statements signed by them.

6. The tribunal shall determine the admissibility, relevance, materiality and weight of the evidence offered by any party. The tribunal shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

Interim Measures of Protection

Article 21

1. At the request of any party, the tribunal may take whatever interim measures it deems necessary, including injunctive relief and measures for the protection or conservation of property.

2. Such interim measures may take the form of an interim award, and the tribunal may require security for the costs of such measures.

3. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

4. The tribunal may in its discretion apportion costs associated with applications for interim relief in any interim award or in the final award.

Experts

Article 22

1. The tribunal may appoint one or more independent experts to report to it, in writing, on specific issues designated by the tribunal and communicated to the parties.

2. The parties shall provide such an expert with any relevant information or produce for inspection any relevant documents or goods that the expert may require. Any dispute between a party and the expert as to the relevance of the requested information or goods shall be referred to the tribunal for decision.

3. Upon receipt of an expert's report, the tribunal shall send a copy of the report to all parties and shall give the parties an opportunity to express, in writing, their opinion on the report. A party may examine any document on which the expert has relied in such a report.

4. At the request of any party, the tribunal shall give the parties an opportunity to question the expert at a hearing. At this hearing, parties may present expert witnesses to testify on the points at issue.

Default

Article 23

1. If a party fails to file a statement of defense within the time established by the tribunal without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may proceed with the arbitration.

2. If a party, duly notified under these rules, fails to appear at a hearing without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may proceed with the arbitration.

3. If a party, duly invited to produce evidence or take any other steps in the proceedings, fails to do so within the time established by the tribunal without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may make the award on the evidence before it.

Closure of Hearing

Article 24

1. After asking the parties if they have any further testimony or evidentiary submissions and upon receiving negative replies or if satisfied that the record is complete, the tribunal may declare the hearings closed.

2. The tribunal in its discretion, on its own motion or upon application of a party, may reopen the hearings at any time before the award is made.

Waiver of Rules

Article 25

A party who knows that any provision of the rules or requirement under the rules has not been complied with, but proceeds with the arbitration without promptly stating an objection in writing thereto, shall be deemed to have waived the right to object.

Awards, Decisions and Rulings

Article 26

1. When there is more than one arbitrator, any award, decision or ruling of the arbitral tribunal shall be made by a majority of the arbitrators. If any arbitrator fails to sign the award, it shall be accompanied by a statement of the reason for the absence of such signature.

2. When the parties or the tribunal so authorize, the presiding arbitrator may make decisions or rulings on questions of procedure, subject to revision by the tribunal.

Form and Effect of the Award

Article 27

1. Awards shall be made in writing, promptly by the tribunal, and shall be final and binding on the parties. The parties undertake to carry out any such award without delay.

2. The tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons need be given.

3. The award shall contain the date and the place where the award was made, which shall be the place designated pursuant to Article 13.

4. An award may be made public only with the consent of all parties or as required by law.

5. Copies of the award shall be communicated to the parties by the administrator.

6. If the arbitration law of the country where the award is made requires the award to be filed or registered, the tribunal shall comply with such requirement.

7. In addition to making a final award, the tribunal may make interim, interlocutory or partial orders and awards.

8. Unless otherwise agreed by the parties, the administrator may publish or otherwise make publicly available selected awards, decisions and rulings that have been edited to conceal the names of the parties and other identifying details or that have been made publicly available in the course of enforcement or otherwise.

Applicable Laws and Remedies

Article 28

1. The tribunal shall apply the substantive law(s) or rules of law designated by the parties as applicable to the dispute. Failing such a designation by the parties, the tribunal shall apply such law(s) or rules of law as it determines to be appropriate.

2. In arbitrations involving the application of contracts, the tribunal shall decide in accordance with the terms of the contract and shall take into account usages of the trade applicable to the contract.

3. The tribunal shall not decide as amiable compositeur or ex aequo et bono unless the parties have expressly authorized it to do so.

4. A monetary award shall be in the currency or currencies of the contract unless the tribunal considers another currency more appropriate, and the tribunal may award such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law.

5. Unless the parties agree otherwise, the parties expressly waive and forego any right to punitive, exemplary or similar damages unless a statute requires that compensatory damages be increased in a specified manner. This provision shall not apply to any award of arbitration costs to a party to compensate for dilatory or bad faith conduct in the arbitration.

Settlement or Other Reasons for Termination

Article 29

Case 3:07-cv-01366-JLS-LSP   Document 1   Filed 07/25/07   Page 22 of 100

1. If the parties settle the dispute before an award is made, the tribunal shall terminate the arbitration and, if requested by all parties, may record the settlement in the form of an award on agreed terms. The tribunal is not obliged to give reasons for such an award.

2. If the continuation of the proceedings becomes unnecessary or impossible for any other reason, the tribunal shall inform the parties of its intention to terminate the proceedings. The tribunal shall thereafter issue an order terminating the arbitration, unless a party raises justifiable grounds for objection.

Interpretation or Correction of the Award

Article 30

1. Within 30 days after the receipt of an award, any party, with notice to the other parties, may request the tribunal to interpret the award or correct any clerical, typographical or computation errors or make an additional award as to claims presented but omitted from the award.

2. If the tribunal considers such a request justified, after considering the contentions of the parties, it shall comply with such a request within 30 days after the request.

Costs

Article 31

The tribunal shall fix the costs of arbitration in its award. The tribunal may apportion such costs among the parties if it determines that such apportionment is reasonable, taking into account the circumstances of the case.

Such costs may include:

    (a) the fees and expenses of the arbitrators;

    (b) the costs of assistance required by the tribunal, including its experts;

    (c) the fees and expenses of the administrator;

    (d) the reasonable costs for legal representation of a successful party; and

    (e) any such costs incurred in connection with an application for interim or emergency relief pursuant to Article 21.

Compensation of Arbitrators

Article 32

Arbitrators shall be compensated based upon their amount of service, taking into account their stated rate of compensation and the size and complexity of the case. The administrator shall arrange an appropriate daily or hourly rate, based on such considerations, with the parties and with each of the arbitrators as soon as practicable after the commencement of the arbitration. If the parties fail to agree on the terms of compensation, the administrator shall establish an appropriate rate and communicate it in writing to the parties.

Deposit of Costs

Article 33

1. When a party files claims, the administrator may request the filing party to deposit appropriate amounts as an advance for the costs referred to in Article 31, paragraphs (a), (b) and (c).

2. During the course of the arbitral proceedings, the tribunal may request supplementary deposits from the parties.

Exhibit A
Page 8

3. If the deposits requested are not paid in full within 30 days after the receipt of the request, the administrator shall so inform the parties, in order that one or the other of them may make the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings.

4. After the award has been made, the administrator shall render an accounting to the parties of the deposits received and return any unexpended balance to the parties.

Confidentiality

Article 34

Confidential information disclosed during the proceedings by the parties or by witnesses shall not be divulged by an arbitrator or by the administrator. Except as provided in Article 27, unless otherwise agreed by the parties, or required by applicable law, the members of the tribunal and the administrator shall keep confidential all matters relating to the arbitration or the award.

Exclusion of Liability

Article 35

The members of the tribunal and the administrator shall not be liable to any party for any act or omission in connection with any arbitration conducted under these rules, except that they may be liable for the consequences of conscious and deliberate wrongdoing.

Interpretation of Rules

Article 36

The tribunal shall interpret and apply these rules insofar as they relate to its powers and duties. The administrator shall interpret and apply all other rules.

Emergency Measures of Protection

Article 37

1. Unless the parties agree otherwise, the provisions of this Article 37 shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after May 1, 2006.
2. A party in need of emergency relief prior to the constitution of the tribunal shall notify the administrator and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by e-mail, facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.
3. Within one business day of receipt of notice as provided in paragraph 2, the administrator shall appoint a single emergency arbitrator from a special panel of emergency arbitrators designated to rule on emergency applications. Prior to accepting appointment, a prospective emergency arbitrator shall disclose to the administrator any circumstance likely to give rise to justifiable doubts to the arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the administrator to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.
4. The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceedings by telephone conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Article 15, including the authority to rule on her/his own jurisdiction, and shall resolve any disputes over the applicability of this Article 37.
5. The emergency arbitrator shall have the power to order or award any interim or conservancy measure the emergency arbitrator deems necessary, including injunctive relief and measures for the protection or conservation of property. Any such measure may take the form of an interim award or of an order. The emergency arbitrator shall give reasons in either case. The emergency arbitrator may modify or vacate the interim award or order for good cause shown.
6. The emergency arbitrator shall have no further power to act after the tribunal is constituted. Once the tribunal has been constituted, the tribunal may reconsider, modify or vacate the interim award or order of emergency relief issued by the emergency arbitrator. The emergency arbitrator may not serve as a member of the tribunal unless the parties agree otherwise.
7. Any interim award or order of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

8.  A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this Article 37 or with the agreement to arbitrate or a waiver of the right to arbitrate. If the administrator is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the administrator shall proceed as in Paragraph 2 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

9.  The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the tribunal to determine finally the apportionment of such costs.

## ADMINISTRATIVE FEES

The administrative fees of the ICDR are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

### Fees

An initial filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred.

However, if the administrator is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 * | | |
| Nonmonetary Claims** | $3,250 | $1,250 |

Fee Schedule for Claims in Excess of $10 Million .

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $ 12,500 plus .01% of the amount of claim above $ 10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

** This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.

Exhibit A
Page 10

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee.

Parties on cases held in abeyance for one year by agreement, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

Refund Schedule

The ICDR offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all other cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

' 100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.

' 50% of the filing fee will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing.

' 25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing. No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: the date of receipt of the demand for arbitration with the ICDR will be used to calculate refunds of filing fees for both claims and counterclaims.

Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the ICDR may suspend the proceedings.

Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the ICDR for availability and rates.

© 2007 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

# EXHIBIT B



## GRANTED

### IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 2330-N |
| ) | |
| QUALCOMM INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

### ORDER GOVERNING
### THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties in the captioned action (the "Action") are engaged in competitive, proprietary and confidential business activities and could be prejudiced if certain confidential or sensitive commercial, financial, business or personal information were disclosed publicly, and for good cause shown;

IT IS HEREBY ORDERED THAT the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this Action in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material"), and also shall govern the filing of certain information under seal and certain other matters in connection with the Action.

1. Discovery Material may be designated as "Confidential" in the manner and subject to the terms and conditions set forth herein. The confidentiality of any information so designated, whether such information is provided orally, by a document, or otherwise shall be maintained, and shall not be disclosed to any person or entity, except as set forth herein.

2.     The party (or, if applicable, non-party) designating Discovery Material as "Confidential" shall be referred to for purposes of this Order as the "Designating Party." Counsel for any Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order only if such counsel in good faith believes that such Discovery Material contains "Confidential Information" as defined below.   The designation by any Designating Party of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by counsel for the Designating Party and that there is a valid basis for such designation.

3.     For purposes of this Order, "Confidential Information" is information which has not been made public and which concerns or relates to trade secrets, processes, operations, style of work, apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any firm, partnership, corporation, or other organization, or other commercially or personally sensitive or proprietary information or other information that the Designating Party is required by contract to keep confidential.   Notwithstanding the foregoing, "Confidential Information" shall not mean information or documents produced or disclosed that are or become, without any violation of this Order, and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

4.     Discovery Material, or information derived therefrom, shall be used solely for purposes of litigation between the parties (as used herein, meaning litigation involving a legal or administrative complaint by Qualcomm against Nokia, or by Nokia against Qualcomm), including, but not limited to, this Action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

2

5.     The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

a.     Documents or other tangible Discovery Material shall, at the time of their production, be so designated by affixing the legend "Confidential", "[Designating Party's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER", or a comparable notice to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the notice need only be stamped on the first page of the document in order for the entire document to be treated as having been designated "Confidential."

b.     Documents or other tangible Discovery Material produced by a non-party to the Action shall be so designated by the Designating Party providing written notice, within ten (10) business days from the date of production, to counsel of record for the parties (and to counsel of record, if any, for the non-party who produced such documents or other tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "Confidential."  The parties and their counsel shall not permit documents or materials produced by a non-party to be distributed to persons beyond those specified in paragraph 7 below until the ten (10) business day period for designation has expired.

c.     Deposition testimony shall be designated "Confidential" (a) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (b) by written notice sent to counsel of record for all parties (and if the deponent is a non-party, to counsel of record, if any, for the deponent) within ten (10) business days after receiving the final certified copy of the transcript thereof identifying the specific pages thereof designated as

3

"Confidential." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential – Subject to Protective Order" be affixed to the portions of the original and all copies of the transcript containing any Confidential Information. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 7 below until the relevant period for the designation has expired. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court.

      6.     Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" or in a manner consistent with Paragraph 5 and the prompt transmittal of replacement copies with appropriate designations. The party receiving such supplemental written notice shall treat materials so designated as "Confidential" and such materials shall be fully subject to this Order as if they had been initially so designated until it receives replacement copies, and, upon receipt of replacement copies, shall destroy the undesignated copies. A person who has disclosed Discovery Material (or information contained therein) that is subsequently designated as "Confidential" shall in good faith assist the Designating Party in retrieving such Discovery Material (or information) from all recipients not entitled to receive such Discovery Material under the terms of this Order and prevent further disclosures except as authorized under the terms of this Order.

      7.     Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

4

a.   Experts or consultants who are not officers, directors, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Action or other litigation between the parties, *provided, however*, that any such persons receiving any Discovery Material designated as "Confidential" shall execute a Declaration of Compliance substantially in the form annexed hereto as Exhibit A.  Each of said outside experts and consultants shall be identified ten days prior to being granted access to said materials.  If the Designating Party objects, in writing, within said ten days, either party may approach the Court for resolution but the burden shall be on the Designating Party to demonstrate why said disclosure should not be permitted;

b.   Deposition witnesses in preparation for or during the course of their deposition testimony or trial witnesses in preparation for or during the course of their trial testimony, but only if counsel has a good faith reason to believe that such person lawfully received or authored such information prior to and apart from the Action;

c.   Outside counsel for the parties and regular employees of such counsel for use in accordance with the terms of this Order;

d.   The Court and Court personnel;

e.   Court reporters and videographers employed in connection with this Action or other litigation between the parties; and

f.   Any other person only upon order of the Court or upon prior written consent of the Designating Party.

8.   Notwithstanding Paragraph 7(a) above, Discovery Material designated as "Confidential" may be provided to experts or consultants only to the extent necessary for such

5

expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action or other litigation between the parties.

9.     Any non-party to this Action may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Order, upon such non-party's written agreement to be subject to and governed by the terms hereof, and such Discovery Material shall thereafter be handled in accordance with the requirements of this Order.   A non-party shall designate any Discovery Material as "Confidential" in a manner consistent with the procedures described in Paragraph 5 hereof.

10.     Discovery Material that has been designated as "Confidential" and that is filed with the Court, shall be filed under seal in accordance with the provisions of Court of Chancery Rule 5(g) and any Administrative Directives of the Chancellor of the Court of Chancery of the State of Delaware regarding eFile Administrative Procedures.

11.     If any document filed with the Court in this Action (a "Filing") is filed under seal because the Filing would disclose information from Discovery Material that has been designated as "Confidential" pursuant to the provisions of this Order or otherwise would disclose Confidential Information of any party or non-party, the parties shall comply with the provisions of Rule 5(g)(4)–(7), including without limitation the provisions governing the filing of a copy of the Filing for public inspection which omits only the information the party believes should continue to be sealed for good cause.

12.     Any party seeking the continued sealing of any portion of a Filing shall file the certification required by Chancery Court Rule 5(g)(5).

13.     All Discovery Material, Filings, and any other material of any nature that has been designated "Confidential" pursuant to the provisions of this Order (or that otherwise

6

discloses information from Discovery Material that has been designated "Confidential" pursuant to the provisions of this Order), shall, if filed with the Court, be filed under seal in accordance with Court of Chancery Rule 5(g) and shall contain the following legend on the front page of each such document and in the manner required by the Court:

> THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW OF AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.

All such materials so filed shall be released from confidential treatment by the Register in Chancery only as provided in Chancery Court Rule 5(g)(7) or upon further order of the Court.

14.    All Discovery Material, Filings, and any other material of any nature that has been designated "Confidential" pursuant to the provisions of this Order (or that otherwise discloses information from Discovery Material that has been designated "Confidential" pursuant to the provisions of this Order), shall, if filed with any other court or administrative agency, be filed under seal (or other appropriate manner that preserves confidentiality) in accordance with the rules of such court or administrative agency.

15.    In accordance with the provisions of Chancery Court Rule 5(g), any party to the Action who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of that Rule or this Order shall give written notice of such party's objection to the Designating Party. To the extent that the Designating Party seeks to continue the restriction on public access to documents filed with the Register in Chancery, that party shall file an application with the Court within the period mandated by Rule 5(g) for a judicial determination as to whether good cause exists for continued restricted access to the document.

16.    When any party receives a notice from the Register in Chancery pursuant to Chancery Court Rule 5(g)(7) as to the release from confidential treatment of Filings submitted by

7

that party, but designated, or containing information designated, as "Confidential" by another party or non-party, the party receiving the notice shall notify the Designating Party within one (1) business day, so as to enable the latter to seek further confidential treatment of such Filings. The provisions of this Paragraph may be waived only with the written consent of the Designating Party.

17.     The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no party shall be held to have waived any rights by such inadvertent production.  If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such other party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof, and the party returning such material shall not use the information with respect to which a claim of inadvertent production has been made for any purpose other than in connection with a motion to compel.  The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production.

18.     At any time after the designation of Discovery Material as "Confidential" any party who objects to the confidential designation of any such Discovery Material (or portion of such Discovery Material) may challenge such confidential designation by providing to counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, or other items of information challenged and setting forth the reasons for such

8

challenge.  In the event that counsel for the Designating Party does not agree to withdraw its claim of confidentiality, counsel for the Designating Party shall have five (5) business days from receipt of the notice in which to seek a protective order from the Court with respect to the Discovery Material at issue.  The burden shall be on the Designating Party to justify the designation of the Discovery Material as "Confidential." All challenged Discovery Material for which a protective order is not sought within this five (5) business day period shall thereafter not be accorded confidential treatment under the terms of this Order, unless and until otherwise ordered by the Court.  This five (5) business day period may be extended by order of the Court or by written agreement of the parties' counsel.  In any case in which application for a protective order has been timely made in accordance with this Paragraph 18, the confidential status of the Discovery Material at issue shall be maintained until final ruling by the Court on any application for protective order (including the final resolution of any interlocutory appeal from any such ruling).

19.    Entering into, agreeing to, producing, or receiving Discovery Material designated as "Confidential" pursuant to, and/or otherwise complying with the terms of, this Order, or the taking of any action hereunder shall not:

a.    Constitute or operate as an admission by any party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

b.    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

9

c.     Prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Order, or otherwise constitute or operate as an admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

d.     Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Order;

e.     Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information; and/or

f.     Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

20.     This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Information, including Discovery Material designated as "Confidential" for any purpose. Nothing herein (i) shall prevent a party from disclosing "Confidential" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or (ii) shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated "Confidential" if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such party independently of the discovery proceedings in this Action.

21.     In the event additional persons or entities become parties to the Action, none of such parties' counsel, or experts or consultants retained to assist said counsel, or such parties themselves, shall have access to Confidential Information produced by or obtained from any

10

other producing person until said party has executed and filed with the Court its agreement to be fully bound by this Order.

22.    It is the present intention of the parties that the provisions of this Order shall govern discovery in this Action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

23.    Subject to the requirements of Chancery Court Rule 5(g), the provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all actions between the parties in which Discovery Material designated as "Confidential" is permitted to be used, including the exhaustion of all permissible appeals, all persons and entities having received Discovery Material designated as "Confidential" shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such Discovery Material designated as "Confidential" and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the parties shall be entitled to retain all Filings, court papers, deposition and trial transcripts, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential" by any party or non-party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court

11

order or agreement with the Designating Party.  All materials, if any, returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

24.    If any person receiving Discovery Material pursuant to this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiver is a party by one not a party to this Action, or (c) is served with any other legal process by one not a party to this Action, seeking Discovery Material that was designated as "Confidential" by someone other than the Receiver, the Receiver shall give actual written notice, by hand or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Designating Party.  The Receiver shall not produce any of the Discovery Material designated as "Confidential" by the Designating Party, unless otherwise ordered by a court of competent jurisdiction or agreed in writing by the Designating Party, for a period of at least five (5) business days after providing the required notice to the Designating Party.  If, within five (5) business days of receiving such notice, the Designating Party gives notice to the Receiver that the Designating Party opposes production of its "Confidential" Discovery Material, the Receiver shall not thereafter produce such Discovery Material except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process.  The Designating Party shall be solely responsible for asserting any objection to the requested production.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

12

25.    Any person seeking enforcement of this Order may petition the Court by properly noticed motion, pursuant to this Court's rules applicable to the Action, including a concise statement of the specific relief sought.

26.    This Order is subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Evan R. Chesler
Richard J. Stark
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

By:_____
    Richard L. Horwitz (#2246)
    Matthew E. Fischer (#3092)
    Brian C. Ralston (#3770)
    Melony R. Anderson (#4377)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    *Attorneys for Defendant QUALCOMM Incorporated*

13

RICHARDS LAYTON & FINGER, P.A.

OF COUNSEL:

A. William Urquhart
Frederick Lorig
Patrick Shields
Erica Taggart
QUINN EMANUEL URQUHART OLIVER
   & HEDGES, LLP
865 South Figueroa Street
Los Angeles, CA 90017
(213) 443-3000

Rick Werder
Sanford I. Weisburst
QUINN EMANUEL URQUHART OLIVER
   & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

By: _____
    Thomas A. Beck (#2086)
    Lisa A. Schmidt (#3019)
    Jeffrey L. Moyer (#3309)
    Steven J. Fineman (#4025)
    920 North King Street
    Wilmington, DE  19899
    (302) 651-7700
*Attorneys for Plaintiffs Nokia Corporation and
Nokia, Inc.*

SO ORDERED this ____ day of November, 2006.


_____
Vice Chancellor

760163

14

Court: DE Court of Chancery

Judge: Strine, Leo E

File & Serve reviewed Transaction ID: 12859925

Current date: 11/8/2006

Case number: 2330-N

Case name: CONF ORDER ON BRIEF Nokia Corp et al vs Qualcomm Inc

/s/ Judge Leo E Strine Jr

**88**

DOC NO
REC'D/FILED

IN THE UNITED STATES DISTRICT COURT 2007 JUL 11  PM 4: 07
FOR THE WESTERN DISTRICT OF WISCONSIN

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

QUALCOMM INCORPORATED,

        Plaintiff and Counterclaim Defendant,

    v.                                       CASE NO. 07 C 0187 C

NOKIA CORPORATION and NOKIA, INC.,

        Defendants and Counterclaim Plaintiffs.

---

## DEFENDANTS' MOTION FOR LEAVE TO FILE CORRECTED DECLARATION OF ERICA P. TAGGART MATERIALS UNDER SEAL

---

       Defendants and Counterclaim Plaintiffs Nokia Corporation and Nokia, Inc. (collectively "Nokia"), by their undersigned attorneys, hereby move this Court for an order granting Nokia leave to file the corrected declaration of Erica P. Taggart in support of Nokia's opposition to Qualcomm's motion to stay under seal.

       This motion is necessitated by the fact that a protective order is not yet in place.

       In conjunction with the corrected Taggart Declaration, filed today, Nokia has submitted a number of documents that contain confidential business information or confidential information relating to related lawsuits between these parties, and which are designated as confidential. Nokia maintains this information on a confidential basis in its files and does not disclose it publicly or to third parties.  For example, the corrected Taggart Declaration contains a July 2, 2001 agreement between Nokia and Qualcomm, which contains highly sensitive business information, such as Qualcomm's royalty rates and payment information. *See* Declaration of Erica P. Taggart in Support of Defendants' Motion to File Corrected Declaration of Erica P. Taggart Materials Under Seal, ¶ 2.  The corrected Taggart Declaration also contains documents filed in confidential proceedings before the American Arbitration Association, and information provided in discovery pursuant to a judicial confidentiality order in a case pending before the Court of Chancery for Castle County, Delaware. *See id.*, ¶ 3.

Qualcomm considers all of this information confidential, and both Qualcomm and Nokia are obligated to avoid disclosure of such confidential information to third parties.  Furthermore, the actions pending before the American Arbitration Association and the Delaware Chancery Court have orders or rules in place to safeguard confidential information, which are attached to the accompanying declaration of Erica P. Taggart.

Because Qualcomm considers all of this information confidential, and because this information also is reflected in the corrected declaration of Erica P. Taggart in support of Nokia's opposition to Qualcomm's motion to stay, Nokia respectfully requests that this Court grant this motion and permit the corrected declaration to be filed under seal.

Dated this 11th day of July 2007.

/s/ Allen A. Arntsen

Allen A. Arntsen (WBN 1015038)
**FOLEY & LARDNER LLP**
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
Telephone:    (608) 258-4293
Facsimile:     (608) 258-4258

G. Peter Albert, Jr.
**FOLEY & LARDNER LLP**
11250 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:    (858) 847-6700
Facsimile:     (858) 792-6773

*Attorneys for Defendants*
*Nokia Corporation and Nokia, Inc.*

OF COUNSEL:

A. William Urquhart (CA Bar No. 140996)
Marshall M. Searcy III (CA Bar No. 169269)
Erica P. Taggart (CA Bar No. 215817)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:     (213) 443-3100

Charles K. Verhoeven (CA Bar No. 170151)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California  9411
Telephone:    (415) 875-6600
Facsimile:     (415) 875-6700

Keith E. Broyles
John D. Haynes

Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777

*Attorneys for Defendants*
*Nokia Corporation and Nokia, Inc.*

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/09/2007 | 087 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

```
BRIEF IN REPLY IN SUPPORT OF PLTF.
MOTION TO STAY DEFTS. COUNTERCLAIMS
PENDING ARBITRATION. (SEALED)
```

 **If this box is checked, this document is under seal pursuant to a court order.**

DOC NO
REC'D/FILED **86**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN JUL -3 PM 4: 11

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

QUALCOMM INCORPORATED,

      Plaintiff and Counterclaim Defendant,

      v.

CASE NO. 07 C 0187 C

NOKIA CORPORATION and NOKIA, INC.,

      Defendants and Counterclaim Plaintiffs.



---

**DECLARATION OF ERICA P. TAGGART IN SUPPORT OF
DEFENDANTS' MOTION FOR LEAVE TO FILE OPPOSITION TO MOTION TO
STAY MATERIALS UNDER SEAL**

---

      I, Erica Taggart, state that:

      1.      I am an attorney duly licensed to practice in California and admitted to practice before this Court *pro hac vice*. I am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for defendants Nokia, Inc. and Nokia Corporation (collectively, "Nokia"). I make this declaration in support of Nokia's Motion for Leave to File Opposition to Motion to Stay Materials under Seal. I have personal, first hand knowledge of the facts stated herein, and if called and sworn as a witness, could and would testify competently hereto.

      2.      Nokia's Opposition to Motion to Stay is based in significant part on the terms of a July 2, 2001 agreement between Nokia and Qualcomm. The terms of the agreement are confidential. This agreement contains highly sensitive business information, such as Qualcomm's royalty rates and payment information, that Nokia contractually is not permitted to file in the public record.

      3.      Nokia's Opposition to Motion to Stay also relies upon the contents of documents filed in confidential proceedings before the American Arbitration Association, and upon information provided in discovery pursuant to a judicial confidentiality order in a case pending before the Court of Chancery for Castle County, Delaware. These proceedings have orders or

rules in place which prohibit Nokia from disclosing such confidential information to third parties.

4.     Attached as Exhibit A is a true and correct copy of the American Arbitration Association's International Arbitration Rules, of which Article 34 relates to the confidentiality of proceedings.

5.     Attached as Exhibit B is a true and correct copy of an order from the Court of Chancery of the State of Delaware in the case captioned *Nokia Corporation v. Qualcomm Inc.*, Case No. 2330-N, governing the production and use of confidential information in that action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 3, 2007, at Los Angeles, California.


_Eri P. Taggart_

Erica P. Taggart (CA Bar No. 215817)
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

# EXHIBIT A

INTERNATIONAL ARBITRATION RULES

Article 1

1. Where parties have agreed in writing to arbitrate disputes under these International Arbitration Rules or have provided for arbitration of an international dispute by the International Centre for Dispute Resolution or the American Arbitration Association without designating particular rules, the arbitration shall take place in accordance with these rules, as in effect at the date of commencement of the arbitration, subject to whatever modifications the parties may adopt in writing.

2. These rules govern the arbitration, except that, where any such rule is in conflict with any provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

3. These rules specify the duties and responsibilities of the administrator, the International Centre for Dispute Resolution, a division of the American Arbitration Association. The administrator may provide services through its Centre, located in New York, or through the facilities of arbitral institutions with which it has agreements of cooperation.

R-1. Commencing the Arbitration

Notice of Arbitration and Statement of Claim

Article 2

1. The party initiating arbitration ("claimant") shall give written notice of arbitration to the administrator and at the same time to the party against whom a claim is being made ("respondent").

2. Arbitral proceedings shall be deemed to commence on the date on which the administrator receives the notice of arbitration.

3. The notice of arbitration shall contain a statement of claim including the following:

    (a) a demand that the dispute be referred to arbitration;

    (b) the names, addresses and telephone numbers of the parties;

    (c) a reference to the arbitration clause or agreement that is invoked;

    (d) a reference to any contract out of or in relation to which the dispute arises;

    (e) a description of the claim and an indication of the facts supporting it;

    (f) the relief or remedy sought and the amount claimed; and

    (g) may include proposals as to the means of designating and the number of arbitrators, the place of arbitration and the language(s) of the arbitration.

4. Upon receipt of the notice of arbitration, the administrator shall communicate with all parties with respect to the arbitration and shall acknowledge the commencement of the arbitration.

Statement of Defense and Counterclaim

Article 3

1. Within 30 days after the commencement of the arbitration, a respondent shall submit a written statement of defense, responding to the issues raised in the notice of arbitration, to the claimant and any other parties, and to the administrator.

2. At the time a respondent submits its statement of defense, a respondent may make counterclaims or assert setoffs as to any claim covered by the agreement to arbitrate, as to which the claimant shall within 30 days submit a written statement of defense to the respondent and any other parties and to the administrator.

3. A respondent shall respond to the administrator, the claimant and other parties within 30 days after the commencement of the arbitration as to any proposals the claimant may have made as to the number of arbitrators, the place of the arbitration or the language(s) of the arbitration, except to the extent that the parties have previously agreed as to these matters.

4. The arbitral tribunal, or the administrator if the arbitral tribunal has not yet been formed, may extend any of the time limits established in this article if it considers such an extension justified.

Amendments to Claims

Article 4

During the arbitral proceedings, any party may amend or supplement its claim, counterclaim or defense, unless the tribunal considers it inappropriate to allow such amendment or supplement because of the party's delay in making it, prejudice to the other parties or any other circumstances. A party may not amend or supplement a claim or counterclaim if the amendment or supplement would fall outside the scope of the agreement to arbitrate.

R-2. The Tribunal

Number of Arbitrators

Article 5

If the parties have not agreed on the number of arbitrators, one arbitrator shall be appointed unless the administrator determines in its discretion that three arbitrators are appropriate because of the large size, complexity or other circumstances of the case.

Appointment of Arbitrators

Article 6

1. The parties may mutually agree upon any procedure for appointing arbitrators and shall inform the administrator as to such procedure.

2. The parties may mutually designate arbitrators, with or without the assistance of the administrator. When such designations are made, the parties shall notify the administrator so that notice of the appointment can be communicated to the arbitrators, together with a copy of these rules.

3. If within 45 days after the commencement of the arbitration, all of the parties have not mutually agreed on a procedure for appointing the arbitrator(s) or have not mutually agreed on the designation of the arbitrator(s), the administrator shall, at the written request of any party, appoint the arbitrator(s) and designate the presiding arbitrator. If all of the parties have mutually agreed upon a procedure for appointing the arbitrator(s), but all appointments have not been made within the time limits provided in that procedure, the administrator shall, at the written request of any party, perform all functions provided for in that procedure that remain to be performed.

4. In making such appointments, the administrator, after inviting consultation with the parties, shall endeavor to select suitable arbitrators. At the request of any party or on its own initiative, the administrator may appoint nationals of a country other than that of any of the parties.

5. Unless the parties have agreed otherwise no later than 45 days after the commencement of the arbitration, if the notice of arbitration names two or more claimants or two or more respondents, the administrator shall appoint all the arbitrators.

Impartiality and Independence of Arbitrators

Article 7

1. Arbitrators acting under these rules shall be impartial and independent. Prior to accepting appointment, a prospective arbitrator shall disclose to the administrator any circumstance likely to give rise to justifiable doubts as to the arbitrator's impartiality or independence. If, at any stage during the arbitration, new circumstances arise that may give rise to such doubts, an arbitrator shall promptly disclose such circumstances to the parties and to the administrator. Upon receipt of such information from an arbitrator or a party, the administrator shall communicate it to the other parties and to the tribunal.

2. No party or anyone acting on its behalf shall have any ex parte communication relating to the case with any arbitrator, or with any candidate for appointment as party-appointed arbitrator except to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability or independence in relation to the parties, or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party designated arbitrators are to participate in that selection. No party or anyone acting on its behalf shall have any ex parte communication relating to the case with any candidate for presiding arbitrator.

Challenge of Arbitrators

Article 8

1. A party may challenge any arbitrator whenever circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality or independence. A party wishing to challenge an arbitrator shall send notice of the challenge to the administrator within 15 days after being notified of the appointment of the arbitrator or within 15 days after the circumstances giving rise to the challenge become known to that party.

2. The challenge shall state in writing the reasons for the challenge.

3. Upon receipt of such a challenge, the administrator shall notify the other parties of the challenge. When an arbitrator has been challenged by one party, the other party or parties may agree to the acceptance of the challenge and, if there is agreement, the arbitrator shall withdraw. The challenged arbitrator may also withdraw from office in the absence of such agreement. In neither case does withdrawal imply acceptance of the validity of the grounds for the challenge.

Article 9

If the other party or parties do not agree to the challenge or the challenged arbitrator does not withdraw, the administrator in its sole discretion shall make the decision on the challenge.

Replacement of an Arbitrator

Article 10

If an arbitrator withdraws after a challenge, or the administrator sustains the challenge, or the administrator determines that there are sufficient reasons to accept the resignation of an arbitrator, or an arbitrator dies, a substitute arbitrator shall be appointed pursuant to the provisions of Article 6, unless the parties otherwise agree.

Article 11

1. If an arbitrator on a three-person tribunal fails to participate in the arbitration for reasons other than those identified in Article 10, the two other arbitrators shall have the power in their sole discretion to continue the arbitration and to make any decision, ruling or award, notwithstanding the failure of the third arbitrator to participate. In determining whether to continue the arbitration or to render any decision, ruling or award without the participation of an arbitrator, the two other arbitrators shall take into account the stage of the arbitration, the reason, if any, expressed by the third arbitrator for such nonparticipation, and such other matters as they consider appropriate in the circumstances of the case. In the event that the two other arbitrators determine not to continue the arbitration without the participation of the third arbitrator, the administrator on proof satisfactory to it shall declare the office vacant, and a substitute arbitrator shall be appointed pursuant to the provisions of Article 6, unless the parties otherwise agree.

2. If a substitute arbitrator is appointed under either Article 10 or Article 11, the tribunal shall determine at its sole discretion whether all or part of any prior hearings shall be repeated.

R-3. General Conditions

Representation

Article 12

Any party may be represented in the arbitration. The names, addresses and telephone numbers of representatives shall be communicated in writing to the other parties and to the administrator. Once the tribunal has been established, the parties or their representatives may communicate in writing directly with the tribunal.

Place of Arbitration

Article 13

1. If the parties disagree as to the place of arbitration, the administrator may initially determine the place of arbitration, subject to the power of the tribunal to determine finally the place of arbitration within 60 days after its constitution. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

2. The tribunal may hold conferences or hear witnesses or inspect property or documents at any place it deems appropriate. The parties shall be given sufficient written notice to enable them to be present at any such proceedings.

Language

Article 14

If the parties have not agreed otherwise, the language(s) of the arbitration shall be that of the documents containing the arbitration agreement, subject to the power of the tribunal to determine otherwise based upon the contentions of the parties and the circumstances of the arbitration. The tribunal may order that any documents delivered in another language shall be accompanied by a translation into the language(s) of the arbitration.

Pleas as to Jurisdiction

Article 15

1. The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

2. The tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the tribunal that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

3. A party must object to the jurisdiction of the tribunal or to the arbitrability of a claim or counterclaim no later than the filing of the statement of defense, as provided in Article 3, to the claim or counterclaim that gives rise to the objection. The tribunal may rule on such objections as a preliminary matter or as part of the final award.

Conduct of the Arbitration

Article 16

1. Subject to these rules, the tribunal may conduct the arbitration in whatever manner it considers appropriate, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

2. The tribunal, exercising its discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute. It may conduct a preparatory conference with the parties for the purpose of organizing, scheduling and agreeing to procedures to expedite the subsequent proceedings.

3. The tribunal may in its discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

4. Documents or information supplied to the tribunal by one party shall at the same time be communicated by that party to the other party or parties.

Further Written Statements

Article 17

1. The tribunal may decide whether the parties shall present any written statements in addition to statements of claims and counterclaims and statements of defense, and it shall fix the periods of time for submitting any such statements.

2. The periods of time fixed by the tribunal for the communication of such written statements should not exceed 45 days. However, the tribunal may extend such time limits if it considers such an extension justified.

Notices

Article 18

1. Unless otherwise agreed by the parties or ordered by the tribunal, all notices, statements and written communications may be served on a party by air mail, air courier, facsimile transmission, telex, telegram or other written forms of electronic communication addressed to the party or its representative at its last known address or by personal service.

2. For the purpose of calculating a period of time under these rules, such period shall begin to run on the day following the day when a notice, statement or written communication is received. If the last day of such period is an official holiday at the place received, the period is extended until the first business day which follows. Official holidays occurring during the running of the period of time are included in calculating the period.

Evidence

Article 19

1. Each party shall have the burden of proving the facts relied on to support its claim or defense.

2. The tribunal may order a party to deliver to the tribunal and to the other parties a summary of the documents and other evidence which that party intends to present in support of its claim, counterclaim or defense.

3. At any time during the proceedings, the tribunal may order parties to produce other documents, exhibits or other evidence it deems necessary or appropriate.

Hearings

Article 20

1. The tribunal shall give the parties at least 30 days advance notice of the date, time and place of the initial oral hearing. The tribunal shall give reasonable notice of subsequent hearings.

2. At least 15 days before the hearings, each party shall give the tribunal and the other parties the names and addresses of any witnesses it intends to present, the subject of their testimony and the languages in which such witnesses will give their testimony.

3. At the request of the tribunal or pursuant to mutual agreement of the parties, the administrator shall make arrangements for the interpretation of oral testimony or for a record of the hearing.

4. Hearings are private unless the parties agree otherwise or the law provides to the contrary. The tribunal may require any witness or witnesses to retire during the testimony of other witnesses. The tribunal may determine the manner in which witnesses are examined.

5. Evidence of witnesses may also be presented in the form of written statements signed by them.

6. The tribunal shall determine the admissibility, relevance, materiality and weight of the evidence offered by any party. The tribunal shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

Interim Measures of Protection

Article 21

1. At the request of any party, the tribunal may take whatever interim measures it deems necessary, including injunctive relief and measures for the protection or conservation of property.

2. Such interim measures may take the form of an interim award, and the tribunal may require security for the costs of such measures.

3. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

4. The tribunal may in its discretion apportion costs associated with applications for interim relief in any interim award or in the final award.

Experts

Article 22

1. The tribunal may appoint one or more independent experts to report to it, in writing, on specific issues designated by the tribunal and communicated to the parties.

2. The parties shall provide such an expert with any relevant information or produce for inspection any relevant documents or goods that the expert may require. Any dispute between a party and the expert as to the relevance of the requested information or goods shall be referred to the tribunal for decision.

3. Upon receipt of an expert's report, the tribunal shall send a copy of the report to all parties and shall give the parties an opportunity to express, in writing, their opinion on the report. A party may examine any document on which the expert has relied in such a report.

4. At the request of any party, the tribunal shall give the parties an opportunity to question the expert at a hearing. At this hearing, parties may present expert witnesses to testify on the points at issue.

Default

Article 23

1. If a party fails to file a statement of defense within the time established by the tribunal without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may proceed with the arbitration.

2. If a party, duly notified under these rules, fails to appear at a hearing without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may proceed with the arbitration.

3. If a party, duly invited to produce evidence or take any other steps in the proceedings, fails to do so within the time established by the tribunal without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may make the award on the evidence before it.

Closure of Hearing

Article 24

1. After asking the parties if they have any further testimony or evidentiary submissions and upon receiving negative replies or if satisfied that the record is complete, the tribunal may declare the hearings closed.

2. The tribunal in its discretion, on its own motion or upon application of a party, may reopen the hearings at any time before the award is made.

Waiver of Rules

Article 25

A party who knows that any provision of the rules or requirement under the rules has not been complied with, but proceeds with the arbitration without promptly stating an objection in writing thereto, shall be deemed to have waived the right to object.

Awards, Decisions and Rulings

Article 26

1. When there is more than one arbitrator, any award, decision or ruling of the arbitral tribunal shall be made by a majority of the arbitrators. If any arbitrator fails to sign the award, it shall be accompanied by a statement of the reason for the absence of such signature.

2. When the parties or the tribunal so authorize, the presiding arbitrator may make decisions or rulings on questions of procedure, subject to revision by the tribunal.

Form and Effect of the Award

Article 27

1. Awards shall be made in writing, promptly by the tribunal, and shall be final and binding on the parties. The parties undertake to carry out any such award without delay.

2. The tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons need be given.

3. The award shall contain the date and the place where the award was made, which shall be the place designated pursuant to Article 13.

4. An award may be made public only with the consent of all parties or as required by law.

5. Copies of the award shall be communicated to the parties by the administrator.

6. If the arbitration law of the country where the award is made requires the award to be filed or registered, the tribunal shall comply with such requirement.

7. In addition to making a final award, the tribunal may make interim, interlocutory or partial orders and awards.

8. Unless otherwise agreed by the parties, the administrator may publish or otherwise make publicly available selected awards, decisions and rulings that have been edited to conceal the names of the parties and other identifying details or that have been made publicly available in the course of enforcement or otherwise.

Applicable Laws and Remedies

Article 28

1. The tribunal shall apply the substantive law(s) or rules of law designated by the parties as applicable to the dispute. Failing such a designation by the parties, the tribunal shall apply such law(s) or rules of law as it determines to be appropriate.

2. In arbitrations involving the application of contracts, the tribunal shall decide in accordance with the terms of the contract and shall take into account usages of the trade applicable to the contract.

3. The tribunal shall not decide as amiable compositeur or ex aequo et bono unless the parties have expressly authorized it to do so.

4. A monetary award shall be in the currency or currencies of the contract unless the tribunal considers another currency more appropriate, and the tribunal may award such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law.

5. Unless the parties agree otherwise, the parties expressly waive and forego any right to punitive, exemplary or similar damages unless a statute requires that compensatory damages be increased in a specified manner. This provision shall not apply to any award of arbitration costs to a party to compensate for dilatory or bad faith conduct in the arbitration.

Settlement or Other Reasons for Termination

Article 29

1. If the parties settle the dispute before an award is made, the tribunal shall terminate the arbitration and, if requested by all parties, may record the settlement in the form of an award on agreed terms. The tribunal is not obliged to give reasons for such an award.

2. If the continuation of the proceedings becomes unnecessary or impossible for any other reason, the tribunal shall inform the parties of its intention to terminate the proceedings. The tribunal shall thereafter issue an order terminating the arbitration, unless a party raises justifiable grounds for objection.

Interpretation or Correction of the Award

Article 30

1. Within 30 days after the receipt of an award, any party, with notice to the other parties, may request the tribunal to interpret the award or correct any clerical, typographical or computation errors or make an additional award as to claims presented but omitted from the award.

2. If the tribunal considers such a request justified, after considering the contentions of the parties, it shall comply with such a request within 30 days after the request.

Costs

Article 31

The tribunal shall fix the costs of arbitration in its award. The tribunal may apportion such costs among the parties if it determines that such apportionment is reasonable, taking into account the circumstances of the case.

Such costs may include:

(a) the fees and expenses of the arbitrators;

(b) the costs of assistance required by the tribunal, including its experts;

(c) the fees and expenses of the administrator;

(d) the reasonable costs for legal representation of a successful party; and

(e) any such costs incurred in connection with an application for interim or emergency relief pursuant to Article 21.

Compensation of Arbitrators

Article 32

Arbitrators shall be compensated based upon their amount of service, taking into account their stated rate of compensation and the size and complexity of the case. The administrator shall arrange an appropriate daily or hourly rate, based on such considerations, with the parties and with each of the arbitrators as soon as practicable after the commencement of the arbitration. If the parties fail to agree on the terms of compensation, the administrator shall establish an appropriate rate and communicate it in writing to the parties.

Deposit of Costs

Article 33

1. When a party files claims, the administrator may request the filing party to deposit appropriate amounts as an advance for the costs referred to in Article 31, paragraphs (a), (b) and (c).

2. During the course of the arbitral proceedings, the tribunal may request supplementary deposits from the parties.

Exhibit A
Page 8

3. If the deposits requested are not paid in full within 30 days after the receipt of the request, the administrator shall so inform the parties, in order that one or the other of them may make the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings.

4. After the award has been made, the administrator shall render an accounting to the parties of the deposits received and return any unexpended balance to the parties.

Confidentiality

Article 34

Confidential information disclosed during the proceedings by the parties or by witnesses shall not be divulged by an arbitrator or by the administrator. Except as provided in Article 27, unless otherwise agreed by the parties, or required by applicable law, the members of the tribunal and the administrator shall keep confidential all matters relating to the arbitration or the award.

Exclusion of Liability

Article 35

The members of the tribunal and the administrator shall not be liable to any party for any act or omission in connection with any arbitration conducted under these rules, except that they may be liable for the consequences of conscious and deliberate wrongdoing.

Interpretation of Rules

Article 36

The tribunal shall interpret and apply these rules insofar as they relate to its powers and duties. The administrator shall interpret and apply all other rules.

Emergency Measures of Protection

Article 37

1. Unless the parties agree otherwise, the provisions of this Article 37 shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after May 1, 2006.
2. A party in need of emergency relief prior to the constitution of the tribunal shall notify the administrator and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by e-mail, facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.
3. Within one business day of receipt of notice as provided in paragraph 2, the administrator shall appoint a single emergency arbitrator from a special panel of emergency arbitrators designated to rule on emergency applications. Prior to accepting appointment, a prospective emergency arbitrator shall disclose to the administrator any circumstance likely to give rise to justifiable doubts to the arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the administrator to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.
4. The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceedings by telephone conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Article 15, including the authority to rule on her/his own jurisdiction, and shall resolve any disputes over the applicability of this Article 37.
5. The emergency arbitrator shall have the power to order or award any interim or conservancy measure the emergency arbitrator deems necessary, including injunctive relief and measures for the protection or conservation of property. Any such measure may take the form of an interim award or of an order. The emergency arbitrator shall give reasons in either case. The emergency arbitrator may modify or vacate the interim award or order for good cause shown.
6. The emergency arbitrator shall have no further power to act after the tribunal is constituted. Once the tribunal has been constituted, the tribunal may reconsider, modify or vacate the interim award or order of emergency relief issued by the emergency arbitrator. The emergency arbitrator may not serve as a member of the tribunal unless the parties agree otherwise.
7. Any interim award or order of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

8. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this Article 37 or with the agreement to arbitrate or a waiver of the right to arbitrate. If the administrator is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the administrator shall proceed as in Paragraph 2 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

9. The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the tribunal to determine finally the apportionment of such costs.

**ADMINISTRATIVE FEES**

The administrative fees of the ICDR are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

**Fees**

An initial filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred.

However, if the administrator is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
| --- | --- | --- |
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 * | | |
| Nonmonetary Claims** | $3,250 | $1,250 |

Fee Schedule for Claims in Excess of $10 Million .

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
| --- | --- | --- |
| $10 million and above | Base fee of $ 12,500 plus .01% of the amount of claim above $ 10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

** This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.

Exhibit A
Page 10

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee.

Parties on cases held in abeyance for one year by agreement, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

Refund Schedule

The ICDR offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all other cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

' 100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.

' 50% of the filing fee will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing.

' 25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing. No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: the date of receipt of the demand for arbitration with the ICDR will be used to calculate refunds of filing fees for both claims and counterclaims.

Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the ICDR may suspend the proceedings.

Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the ICDR for availability and rates.

© 2007 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

# EXHIBIT B



# GRANTED

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| NOKIA CORPORATION and NOKIA, INC.,   ) | |
|                           ) | |
|        Plaintiffs,       ) | |
|                           ) | |
|        v.             ) | C.A. No. 2330-N |
|                           ) | |
| QUALCOMM INCORPORATED,    ) | |
|                           ) | |
|       Defendant.    ) | |

## ORDER GOVERNING
## THE PRODUCTION AND USE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties in the captioned action (the "Action") are engaged in competitive, proprietary and confidential business activities and could be prejudiced if certain confidential or sensitive commercial, financial, business or personal information were disclosed publicly, and for good cause shown;

IT IS HEREBY ORDERED THAT the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this Action in connection with discovery in the Action (such information hereinafter referred to as "Discovery Material"), and also shall govern the filing of certain information under seal and certain other matters in connection with the Action.

1.     Discovery Material may be designated as "Confidential" in the manner and subject to the terms and conditions set forth herein. The confidentiality of any information so designated, whether such information is provided orally, by a document, or otherwise shall be maintained, and shall not be disclosed to any person or entity, except as set forth herein.

2.     The party (or, if applicable, non-party) designating Discovery Material as "Confidential" shall be referred to for purposes of this Order as the "Designating Party." Counsel for any Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order only if such counsel in good faith believes that such Discovery Material contains "Confidential Information" as defined below.   The designation by any Designating Party of Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by counsel for the Designating Party and that there is a valid basis for such designation.

3.     For purposes of this Order, "Confidential Information" is information which has not been made public and which concerns or relates to trade secrets, processes, operations, style of work, apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any firm, partnership, corporation, or other organization, or other commercially or personally sensitive or proprietary information or other information that the Designating Party is required by contract to keep confidential.  Notwithstanding the foregoing, "Confidential Information" shall not mean information or documents produced or disclosed that are or become, without any violation of this Order, and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

4.     Discovery Material, or information derived therefrom, shall be used solely for purposes of litigation between the parties (as used herein, meaning litigation involving a legal or administrative complaint by Qualcomm against Nokia, or by Nokia against Qualcomm), including, but not limited to, this Action, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

2

5.     The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

a.     Documents or other tangible Discovery Material shall, at the time of their production, be so designated by affixing the legend "Confidential", "[Designating Party's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER", or a comparable notice to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the notice need only be stamped on the first page of the document in order for the entire document to be treated as having been designated "Confidential."

b.     Documents or other tangible Discovery Material produced by a non-party to the Action shall be so designated by the Designating Party providing written notice, within ten (10) business days from the date of production, to counsel of record for the parties (and to counsel of record, if any, for the non-party who produced such documents or other tangible Discovery Material) of the Bates numbers or number range or other sufficiently definite description of the documents to be designated as "Confidential."  The parties and their counsel shall not permit documents or materials produced by a non-party to be distributed to persons beyond those specified in paragraph 7 below until the ten (10) business day period for designation has expired.

c.     Deposition testimony shall be designated "Confidential" (a) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (b) by written notice sent to counsel of record for all parties (and if the deponent is a non-party, to counsel of record, if any, for the deponent) within ten (10) business days after receiving the final certified copy of the transcript thereof identifying the specific pages thereof designated as

3

"Confidential." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential – Subject to Protective Order" be affixed to the portions of the original and all copies of the transcript containing any Confidential Information. Counsel shall not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 7 below until the relevant period for the designation has expired. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court.

6.      Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" or in a manner consistent with Paragraph 5 and the prompt transmittal of replacement copies with appropriate designations. The party receiving such supplemental written notice shall treat materials so designated as "Confidential" and such materials shall be fully subject to this Order as if they had been initially so designated until it receives replacement copies, and, upon receipt of replacement copies, shall destroy the undesignated copies. A person who has disclosed Discovery Material (or information contained therein) that is subsequently designated as "Confidential" shall in good faith assist the Designating Party in retrieving such Discovery Material (or information) from all recipients not entitled to receive such Discovery Material under the terms of this Order and prevent further disclosures except as authorized under the terms of this Order.

7.      Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

4

a.     Experts or consultants who are not officers, directors, managers or employees of any party who are necessary to assist counsel of record in the conduct of this Action or other litigation between the parties, *provided, however*, that any such persons receiving any Discovery Material designated as "Confidential" shall execute a Declaration of Compliance substantially in the form annexed hereto as Exhibit A.  Each of said outside experts and consultants shall be identified ten days prior to being granted access to said materials.  If the Designating Party objects, in writing, within said ten days, either party may approach the Court for resolution but the burden shall be on the Designating Party to demonstrate why said disclosure should not be permitted;

b.     Deposition witnesses in preparation for or during the course of their deposition testimony or trial witnesses in preparation for or during the course of their trial testimony, but only if counsel has a good faith reason to believe that such person lawfully received or authored such information prior to and apart from the Action;

c.     Outside counsel for the parties and regular employees of such counsel for use in accordance with the terms of this Order;

d.     The Court and Court personnel;

e.     Court reporters and videographers employed in connection with this Action or other litigation between the parties; and

f.     Any other person only upon order of the Court or upon prior written consent of the Designating Party.

8.     Notwithstanding Paragraph 7(a) above, Discovery Material designated as "Confidential" may be provided to experts or consultants only to the extent necessary for such

5

expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action or other litigation between the parties.

9.      Any non-party to this Action may designate any Discovery Material taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Order, upon such non-party's written agreement to be subject to and governed by the terms hereof, and such Discovery Material shall thereafter be handled in accordance with the requirements of this Order.   A non-party shall designate any Discovery Material as "Confidential" in a manner consistent with the procedures described in Paragraph 5 hereof.

10.     Discovery Material that has been designated as "Confidential" and that is filed with the Court, shall be filed under seal in accordance with the provisions of Court of Chancery Rule 5(g) and any Administrative Directives of the Chancellor of the Court of Chancery of the State of Delaware regarding eFile Administrative Procedures.

11.     If any document filed with the Court in this Action (a "Filing") is filed under seal because the Filing would disclose information from Discovery Material that has been designated as "Confidential" pursuant to the provisions of this Order or otherwise would disclose Confidential Information of any party or non-party, the parties shall comply with the provisions of Rule 5(g)(4)–(7), including without limitation the provisions governing the filing of a copy of the Filing for public inspection which omits only the information the party believes should continue to be sealed for good cause.

12.     Any party seeking the continued sealing of any portion of a Filing shall file the certification required by Chancery Court Rule 5(g)(5).

13.     All Discovery Material, Filings, and any other material of any nature that has been designated "Confidential" pursuant to the provisions of this Order (or that otherwise

6

discloses information from Discovery Material that has been designated "Confidential" pursuant to the provisions of this Order), shall, if filed with the Court, be filed under seal in accordance with Court of Chancery Rule 5(g) and shall contain the following legend on the front page of each such document and in the manner required by the Court:

> THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW OF AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY PRIOR COURT ORDER.

All such materials so filed shall be released from confidential treatment by the Register in Chancery only as provided in Chancery Court Rule 5(g)(7) or upon further order of the Court.

14. All Discovery Material, Filings, and any other material of any nature that has been designated "Confidential" pursuant to the provisions of this Order (or that otherwise discloses information from Discovery Material that has been designated "Confidential" pursuant to the provisions of this Order), shall, if filed with any other court or administrative agency, be filed under seal (or other appropriate manner that preserves confidentiality) in accordance with the rules of such court or administrative agency.

15. In accordance with the provisions of Chancery Court Rule 5(g), any party to the Action who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of that Rule or this Order shall give written notice of such party's objection to the Designating Party. To the extent that the Designating Party seeks to continue the restriction on public access to documents filed with the Register in Chancery, that party shall file an application with the Court within the period mandated by Rule 5(g) for a judicial determination as to whether good cause exists for continued restricted access to the document.

16. When any party receives a notice from the Register in Chancery pursuant to Chancery Court Rule 5(g)(7) as to the release from confidential treatment of Filings submitted by

7

that party, but designated, or containing information designated, as "Confidential" by another party or non-party, the party receiving the notice shall notify the Designating Party within one (1) business day, so as to enable the latter to seek further confidential treatment of such Filings. The provisions of this Paragraph may be waived only with the written consent of the Designating Party.

17.     The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work-product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no party shall be held to have waived any rights by such inadvertent production.  If the claim of inadvertent production is made pursuant to this Paragraph with respect to information then in the custody of another party, such other party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof, and the party returning such material shall not use the information with respect to which a claim of inadvertent production has been made for any purpose other than in connection with a motion to compel.  The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production.

18.     At any time after the designation of Discovery Material as "Confidential" any party who objects to the confidential designation of any such Discovery Material (or portion of such Discovery Material) may challenge such confidential designation by providing to counsel for the Designating Party a written notice of such challenge identifying the documents, transcripts, or other items of information challenged and setting forth the reasons for such

8

challenge.  In the event that counsel for the Designating Party does not agree to withdraw its claim of confidentiality, counsel for the Designating Party shall have five (5) business days from receipt of the notice in which to seek a protective order from the Court with respect to the Discovery Material at issue.   The burden shall be on the Designating Party to justify the designation of the Discovery Material as "Confidential."  All challenged Discovery Material for which a protective order is not sought within this five (5) business day period shall thereafter not be accorded confidential treatment under the terms of this Order, unless and until otherwise ordered by the Court.  This five (5) business day period may be extended by order of the Court or by written agreement of the parties' counsel.  In any case in which application for a protective order has been timely made in accordance with this Paragraph 18, the confidential status of the Discovery Material at issue shall be maintained until final ruling by the Court on any application for protective order (including the final resolution of any interlocutory appeal from any such ruling).

19.     Entering into, agreeing to, producing, or receiving Discovery Material designated as "Confidential" pursuant to, and/or otherwise complying with the terms of, this Order, or the taking of any action hereunder shall not:

a.     Constitute or operate as an admission by any party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information;

b.     Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

9

c.      Prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, material, testimony, or thing subject to this Order, or otherwise constitute or operate as an admission by any party that any particular document, material, testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition, at trial, or in a hearing;

d.      Prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Order;

e.      Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information; and/or

f.      Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

20.     This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Information, including Discovery Material designated as "Confidential" for any purpose.  Nothing herein (i) shall prevent a party from disclosing "Confidential" Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; or (ii) shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated "Confidential" if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such party independently of the discovery proceedings in this Action.

21.     In the event additional persons or entities become parties to the Action, none of such parties' counsel, or experts or consultants retained to assist said counsel, or such parties themselves, shall have access to Confidential Information produced by or obtained from any

other producing person until said party has executed and filed with the Court its agreement to be fully bound by this Order.

22.   It is the present intention of the parties that the provisions of this Order shall govern discovery in this Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

23.   Subject to the requirements of Chancery Court Rule 5(g), the provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom.  Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all actions between the parties in which Discovery Material designated as "Confidential" is permitted to be used, including the exhaustion of all permissible appeals, all persons and entities having received Discovery Material designated as "Confidential" shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such Discovery Material designated as "Confidential" and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party.  Outside counsel for the parties shall be entitled to retain all Filings, court papers, deposition and trial transcripts, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential" by any party or non-party), provided that such outside counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court

11

order or agreement with the Designating Party. All materials, if any, returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

24.    If any person receiving Discovery Material pursuant to this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiver is a party by one not a party to this Action, or (c) is served with any other legal process by one not a party to this Action, seeking Discovery Material that was designated as "Confidential" by someone other than the Receiver, the Receiver shall give actual written notice, by hand or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, or legal process, to the Designating Party. The Receiver shall not produce any of the Discovery Material designated as "Confidential" by the Designating Party, unless otherwise ordered by a court of competent jurisdiction or agreed in writing by the Designating Party, for a period of at least five (5) business days after providing the required notice to the Designating Party. If, within five (5) business days of receiving such notice, the Designating Party gives notice to the Receiver that the Designating Party opposes production of its "Confidential" Discovery Material, the Receiver shall not thereafter produce such Discovery Material except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process. The Designating Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" Discovery Material covered by this Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

Exhibit B
Page 12

25.     Any person seeking enforcement of this Order may petition the Court by properly noticed motion, pursuant to this Court's rules applicable to the Action, including a concise statement of the specific relief sought.

26.     This Order is subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.


OF COUNSEL:                                POTTER ANDERSON & CORROON LLP

Evan R. Chesler                            By: _____
Richard J. Stark                                Richard L. Horwitz (#2246)
CRAVATH, SWAINE & MOORE LLP                      Matthew E. Fischer (#3092)
Worldwide Plaza                                  Brian C. Ralston (#3770)
825 Eighth Avenue                                Melony R. Anderson (#4377)
New York, NY 10019                               Hercules Plaza, 6th Floor
(212) 474-1000                                   1313 North Market Street
                                                 P.O. Box 951
                                                 Wilmington, DE  19899
                                                 (302) 984-6000
                                                 *Attorneys for Defendant QUALCOMM Incorporated*

13

RICHARDS LAYTON & FINGER, P.A.

OF COUNSEL:

A. William Urquhart
Frederick Lorig
Patrick Shields
Erica Taggart
QUINN EMANUEL URQUHART OLIVER
    & HEDGES, LLP
865 South Figueroa Street
Los Angeles, CA 90017
(213) 443-3000

Rick Werder
Sanford I. Weisburst
QUINN EMANUEL URQUHART OLIVER
    & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

By: _____
Thomas A. Beck (#2086)
Lisa A. Schmidt (#3019)
Jeffrey L. Moyer (#3309)
Steven J. Fineman (#4025)
920 North King Street
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiffs Nokia Corporation and*
*Nokia, Inc.*

SO ORDERED this ____ day of November, 2006.

_____
Vice Chancellor

760163

14

Court: DE Court of Chancery

Judge: Strine, Leo E

File & Serve reviewed Transaction ID: 12859925

Current date: 11/8/2006

Case number: 2330-N

Case name: CONF ORDER ON BRIEF Nokia Corp et al vs Qualcomm Inc


/s/ Judge Leo E Strine Jr

**85**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUALCOMM INCORPORATED,

            Plaintiff and Counterclaim Defendant,

     v.                              CASE NO. 07 C 0187 C

NOKIA CORPORATION and NOKIA, INC.,

            Defendants and Counterclaim Plaintiffs.

---

## DEFENDANTS' MOTION FOR LEAVE TO FILE OPPOSITION TO MOTION TO STAY MATERIALS UNDER SEAL

---

      Defendants, Nokia Corporation and Nokia, Inc. ("Nokia"), by their undersigned attorneys, hereby move this Court for an order granting Nokia leave to file the following documents under seal:

     (a)     Nokia's Opposition to Qualcomm's Motion to Stay Counterclaims Pending Arbitration; and

     (b)     the Declaration of Erica P. Taggart in support thereof.

      This motion is necessitated by the fact that a protective order is not yet in place.

      In conjunction with its opposition, filed today, Nokia has submitted a number of documents that contain confidential business information or confidential information relating to related lawsuits between these parties, and which are designated as confidential. Nokia maintains this information on a confidential basis in its files and does not disclose it publicly or to third parties. For example, Nokia's opposition is based in significant part on the provisions of a July 2, 2001 agreement between Nokia and Qualcomm. This agreement contains highly sensitive business information, such as Qualcomm's royalty rates and payment information. *See* Declaration of Erica P. Taggart in Support of Defendants' Motion to File Opposition to Motion to Stay Materials Under Seal, ¶ 2. The opposition also relies upon the contents of documents filed in confidential proceedings before the American Arbitration Association, and upon

information provided in discovery pursuant to a judicial confidentiality order in a case pending before the Court of Chancery for Castle County, Delaware. *See id.*, ¶ 3.

Qualcomm considers all of this information confidential, and both Qualcomm and Nokia are obligated to avoid disclosure of such confidential information to third parties. Furthermore, the actions pending before the American Arbitration Association and the Delaware Chancery Court have orders or rules in place to safeguard confidential information, which are attached to the accompanying declaration of Erica P. Taggart.

Because Qualcomm considers all of this information confidential, and because this information also is reflected in Nokia's brief in support of its opposition, Nokia respectfully requests that this Court grant this motion and permit the above documents to be filed under seal.

Dated this 3rd day of July, 2007.

/s/ Allen A. Arntsen

Allen A. Arntsen (WBN 1015038)
**FOLEY & LARDNER LLP**
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701-1497
Telephone:     (608) 258-4293
Facsimile:      (608) 258-4258

G. Peter Albert, Jr.
**FOLEY & LARDNER LLP**
11250 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:     (858) 847-6700
Facsimile:      (858) 792-6773

*Attorneys for defendants,*
*Nokia Corporation and Nokia, Inc.*

OF COUNSEL:

A. William Urquhart (CA Bar No. 140996)
Marshall M. Searcy III (CA Bar No. 169269)
Erica P. Taggart (CA Bar No. 215817)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Charles K. Verhoeven (CA Bar No. 170151)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California  9411
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

*Attorneys for Defendants*
*Nokia Corporation and Nokia, Inc.*

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/03/2007 | 084 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

```
AFFIDAVIT OF ERICA P. TAGGART.
(SEALED)
```

 **If this box is checked, this document is under seal pursuant to a court order.**

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/03/2007 | 083 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

BRIEF IN OPPOSITION BY DEFTS. TO
PLTF. MOTION TO STAY COUNTERCLAIMS.
(SEALED)

 **If this box is checked, this document is under seal pursuant to a court order.**

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/03/2007 | 082 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

**AFFIDAVIT OF ALASTAIR BLACK. (SEALED)**

 **If this box is checked, this document is under seal pursuant to a court order.**

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/03/2007 | 081 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

```
AFFIDAVIT OF ERICA P. TAGGART IN
SUPPORT OF DEFTS. AMENDED MOTION TO
STAY PENDING ARBITRATION. (SEALED)
```

 **If this box is checked, this document is under seal pursuant to a court order.**

# QUALCOMM INCORPORATED v. NOKIA CORPORATION

| 07-C-0187-C | 07/03/2007 | 080 |
|:---:|:---:|:---:|
| **Case Number** | **Filed** | **Docket #** |

**The following material is loose in the file:**

```
BRIEF IN SUPPORT OF DEFTS. AMENDED
MOTION TO STAY PENDING ARBITRATION.
(SEALED)
```

 **If this box is checked, this document is under seal pursuant to a court order.**



DOC NO
REC'D/FILED

79

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN 2007 JUL -3 PM 4: 11

THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

QUALCOMM INCORPORATED,

      Plaintiff and Counterclaim Defendant,

v.                          CASE NO. 07 C 0187 C

NOKIA CORPORATION and NOKIA INC.,

      Defendants and Counterclaim Plaintiffs.

---

## DEFENDANTS' AMENDED MOTION TO STAY PENDING ARBITRATION

---

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that defendants Nokia, Inc. and Nokia Corporation (collectively, "Nokia") hereby renew their motion to move the Court for an order staying this action until completion of the arbitration demanded by plaintiff Qualcomm, Inc. ("Qualcomm") currently pending with Nokia.  This motion is made pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and the Court's inherent power, on the ground that Qualcomm's Amended Complaint in this action puts at issue matters that are subject to an arbitration agreement between the parties, and which are, in fact, currently pending in the arbitration proceeding.

This motion is based on the attached Memorandum of Points and Authorities; the accompanying Declarations of Alastair Black and Erica P. Taggart; the pleadings and papers on file in this action; any such matters of which this Court may take judicial notice; and any additional evidence or argument presented before a ruling on this matter.

| | |
|---|---|
| Dated:  July 3, 2007 | |
| OF COUNSEL: | Allen Arntsen |
| A. William Urquhart (CA Bar No. 140996)<br>Marshall M. Searcy III (CA Bar No. 169269)<br>Erica P. Taggart (CA Bar No. 215817)<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California  90017-2543<br>Telephone:    (213) 443-3000<br>Facsimile:    (213) 443-3100 | FOLEY & LARDNER LLP<br>150 East Gilman Street<br>Verex Plaza<br>Madison, Wisconsin  53703<br>Telephone:    608-258-4293<br>Facsimile:    608-258-4258 |
| Charles K. Verhoeven (CA Bar No. 170151)<br>QUINN EMANUEL URQUHART OLIVER &<br>HEDGES, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California  9411<br>Telephone:    (415) 875-6600<br>Facsimile:    (415) 875-6700 | G. Peter Albert, Jr.<br>FOLEY & LARDNER LLP<br>11250 El Camino Real, Suite 200<br>San Diego, California  92130<br>Telephone:    858-847-6735<br>Facsimile:    858-792-6773 |
| Keith Broyles<br>John Haynes<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Telephone: (404) 881-7737<br>Facsimile: (404) 881-7777 | Attorneys for Defendants and Counterclaim<br>Plaintiffs Nokia Corporation and Nokia,<br>Inc. |
| Attorneys for Defendants and Counterclaim<br>Plaintiffs Nokia Corporation and Nokia, Inc. | |

DOC NO
REC'D/FILED

**78**

2007 JUL -3  PM 4: 11

M. OWENS
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUALCOMM INCORPORATED,

       Plaintiff and Counterclaim Defendant,

   v.

NOKIA CORPORATION and NOKIA INC.,

       Defendants and Counterclaim Plaintiffs.

CASE NO. 07 C 0187 C



---

### DECLARATION OF ERICA P. TAGGART IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED MOTION TO STAY MATERIALS UNDER SEAL

---

     I, Erica Taggart, state that:

     1.    I am an attorney duly licensed to practice in California and admitted to practice before this Court *pro hac vice*. I am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for defendants Nokia, Inc. and Nokia Corporation (collectively, "Nokia"). I make this declaration in support of Nokia's Motion for Leave to File Amended Motion to Stay Materials under Seal. I have personal, first hand knowledge of the facts stated herein, and if called and sworn as a witness, could and would testify competently hereto.

     2.    Nokia's Amended Motion to Stay is based in significant part on the terms of a July 2, 2001 agreement between Nokia and Qualcomm. The terms of the agreement are confidential. This agreement contains highly sensitive business information, such as Qualcomm's royalty rates and payment information, that Nokia contractually is not permitted to file in the public record.

20461/2158456.1

3.     Nokia's Amended Motion to Stay also relies upon the contents of documents filed in confidential proceedings before the American Arbitration Association.  This proceeding is subject to rules which prohibit Nokia from disclosing such confidential information to third parties.

4.     Attached as Exhibit A is a true and correct copy of the American Arbitration Association's International Arbitration Rules, of which Article 34 relates to the confidentiality of proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 3rd, 2007, at Los Angeles, California.

Erica P. Taggart (CA Bar No. 215817)
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

# EXHIBIT A

INTERNATIONAL ARBITRATION RULES

Article 1

1. Where parties have agreed in writing to arbitrate disputes under these International Arbitration Rules or have provided for arbitration of an international dispute by the International Centre for Dispute Resolution or the American Arbitration Association without designating particular rules, the arbitration shall take place in accordance with these rules, as in effect at the date of commencement of the arbitration, subject to whatever modifications the parties may adopt in writing.

2. These rules govern the arbitration, except that, where any such rule is in conflict with any provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

3. These rules specify the duties and responsibilities of the administrator, the International Centre for Dispute Resolution, a division of the American Arbitration Association. The administrator may provide services through its Centre, located in New York, or through the facilities of arbitral institutions with which it has agreements of cooperation.

R-1. Commencing the Arbitration

Notice of Arbitration and Statement of Claim

Article 2

1. The party initiating arbitration ("claimant") shall give written notice of arbitration to the administrator and at the same time to the party against whom a claim is being made ("respondent").

2. Arbitral proceedings shall be deemed to commence on the date on which the administrator receives the notice of arbitration.

3. The notice of arbitration shall contain a statement of claim including the following:

    (a) a demand that the dispute be referred to arbitration;

    (b) the names, addresses and telephone numbers of the parties;

    (c) a reference to the arbitration clause or agreement that is invoked;

    (d) a reference to any contract out of or in relation to which the dispute arises;

    (e) a description of the claim and an indication of the facts supporting it;

    (f) the relief or remedy sought and the amount claimed; and

    (g) may include proposals as to the means of designating and the number of arbitrators, the place of arbitration and the language(s) of the arbitration.

4. Upon receipt of the notice of arbitration, the administrator shall communicate with all parties with respect to the arbitration and shall acknowledge the commencement of the arbitration.

Statement of Defense and Counterclaim

Article 3

1. Within 30 days after the commencement of the arbitration, a respondent shall submit a written statement of defense, responding to the issues raised in the notice of arbitration, to the claimant and any other parties, and to the administrator.

2. At the time a respondent submits its statement of defense, a respondent may make counterclaims or assert setoffs as to any claim covered by the agreement to arbitrate, as to which the claimant shall within 30 days submit a written statement of defense to the respondent and any other parties and to the administrator.

3. A respondent shall respond to the administrator, the claimant and other parties within 30 days after the commencement of the arbitration as to any proposals the claimant may have made as to the number of arbitrators, the place of the arbitration or the language(s) of the arbitration, except to the extent that the parties have previously agreed as to these matters.

4. The arbitral tribunal, or the administrator if the arbitral tribunal has not yet been formed, may extend any of the time limits established in this article if it considers such an extension justified.

Amendments to Claims

Article 4

During the arbitral proceedings, any party may amend or supplement its claim, counterclaim or defense, unless the tribunal considers it inappropriate to allow such amendment or supplement because of the party's delay in making it, prejudice to the other parties or any other circumstances. A party may not amend or supplement a claim or counterclaim if the amendment or supplement would fall outside the scope of the agreement to arbitrate.

R-2. The Tribunal

Number of Arbitrators

Article 5

If the parties have not agreed on the number of arbitrators, one arbitrator shall be appointed unless the administrator determines in its discretion that three arbitrators are appropriate because of the large size, complexity or other circumstances of the case.

Appointment of Arbitrators

Article 6

1. The parties may mutually agree upon any procedure for appointing arbitrators and shall inform the administrator as to such procedure.

2. The parties may mutually designate arbitrators, with or without the assistance of the administrator. When such designations are made, the parties shall notify the administrator so that notice of the appointment can be communicated to the arbitrators, together with a copy of these rules.

3. If within 45 days after the commencement of the arbitration, all of the parties have not mutually agreed on a procedure for appointing the arbitrator(s) or have not mutually agreed on the designation of the arbitrator(s), the administrator shall, at the written request of any party, appoint the arbitrator(s) and designate the presiding arbitrator. If all of the parties have mutually agreed upon a procedure for appointing the arbitrator(s), but all appointments have not been made within the time limits provided in that procedure, the administrator shall, at the written request of any party, perform all functions provided for in that procedure that remain to be performed.

4. In making such appointments, the administrator, after inviting consultation with the parties, shall endeavor to select suitable arbitrators. At the request of any party or on its own initiative, the administrator may appoint nationals of a country other than that of any of the parties.

5. Unless the parties have agreed otherwise no later than 45 days after the commencement of the arbitration, if the notice of arbitration names two or more claimants or two or more respondents, the administrator shall appoint all the arbitrators.

Impartiality and Independence of Arbitrators

Article 7

1. Arbitrators acting under these rules shall be impartial and independent. Prior to accepting appointment, a prospective arbitrator shall disclose to the administrator any circumstance likely to give rise to justifiable doubts as to the arbitrator's impartiality or independence. If, at any stage during the arbitration, new circumstances arise that may give rise to such doubts, an arbitrator shall promptly disclose such circumstances to the parties and to the administrator. Upon receipt of such information from an arbitrator or a party, the administrator shall communicate it to the other parties and to the tribunal.

2. No party or anyone acting on its behalf shall have any ex parte communication relating to the case with any arbitrator, or with any candidate for appointment as party-appointed arbitrator except to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability or independence in relation to the parties, or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party designated arbitrators are to participate in that selection. No party or anyone acting on its behalf shall have any ex parte communication relating to the case with any candidate for presiding arbitrator.

Challenge of Arbitrators

Article 8

1. A party may challenge any arbitrator whenever circumstances exist that give rise to justifiable doubts as to the arbitrator's impartiality or independence. A party wishing to challenge an arbitrator shall send notice of the challenge to the administrator within 15 days after being notified of the appointment of the arbitrator or within 15 days after the circumstances giving rise to the challenge become known to that party.

2. The challenge shall state in writing the reasons for the challenge.

3. Upon receipt of such a challenge, the administrator shall notify the other parties of the challenge. When an arbitrator has been challenged by one party, the other party or parties may agree to the acceptance of the challenge and, if there is agreement, the arbitrator shall withdraw. The challenged arbitrator may also withdraw from office in the absence of such agreement. In neither case does withdrawal imply acceptance of the validity of the grounds for the challenge.

Article 9

If the other party or parties do not agree to the challenge or the challenged arbitrator does not withdraw, the administrator in its sole discretion shall make the decision on the challenge.

Replacement of an Arbitrator

Article 10

If an arbitrator withdraws after a challenge, or the administrator sustains the challenge, or the administrator determines that there are sufficient reasons to accept the resignation of an arbitrator, or an arbitrator dies, a substitute arbitrator shall be appointed pursuant to the provisions of Article 6, unless the parties otherwise agree.

Article 11

1. If an arbitrator on a three-person tribunal fails to participate in the arbitration for reasons other than those identified in Article 10, the two other arbitrators shall have the power in their sole discretion to continue the arbitration and to make any decision, ruling or award, notwithstanding the failure of the third arbitrator to participate. In determining whether to continue the arbitration or to render any decision, ruling or award without the participation of an arbitrator, the two other arbitrators shall take into account the stage of the arbitration, the reason, if any, expressed by the third arbitrator for such nonparticipation, and such other matters as they consider appropriate in the circumstances of the case. In the event that the two other arbitrators determine not to continue the arbitration without the participation of the third arbitrator, the administrator on proof satisfactory to it shall declare the office vacant, and a substitute arbitrator shall be appointed pursuant to the provisions of Article 6, unless the parties otherwise agree.

2. If a substitute arbitrator is appointed under either Article 10 or Article 11, the tribunal shall determine at its sole discretion whether all or part of any prior hearings shall be repeated.

R-3. General Conditions

Representation

Article 12

Any party may be represented in the arbitration. The names, addresses and telephone numbers of representatives shall be communicated in writing to the other parties and to the administrator. Once the tribunal has been established, the parties or their representatives may communicate in writing directly with the tribunal.

Exhibit A
Page 3

**Place of Arbitration**

**Article 13**

1. If the parties disagree as to the place of arbitration, the administrator may initially determine the place of arbitration, subject to the power of the tribunal to determine finally the place of arbitration within 60 days after its constitution. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

2. The tribunal may hold conferences or hear witnesses or inspect property or documents at any place it deems appropriate. The parties shall be given sufficient written notice to enable them to be present at any such proceedings.

**Language**

**Article 14**

If the parties have not agreed otherwise, the language(s) of the arbitration shall be that of the documents containing the arbitration agreement, subject to the power of the tribunal to determine otherwise based upon the contentions of the parties and the circumstances of the arbitration. The tribunal may order that any documents delivered in another language shall be accompanied by a translation into the language(s) of the arbitration.

**Pleas as to Jurisdiction**

**Article 15**

1. The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

2. The tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the tribunal that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

3. A party must object to the jurisdiction of the tribunal or to the arbitrability of a claim or counterclaim no later than the filing of the statement of defense, as provided in Article 3, to the claim or counterclaim that gives rise to the objection. The tribunal may rule on such objections as a preliminary matter or as part of the final award.

**Conduct of the Arbitration**

**Article 16**

1. Subject to these rules, the tribunal may conduct the arbitration in whatever manner it considers appropriate, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

2. The tribunal, exercising its discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute. It may conduct a preparatory conference with the parties for the purpose of organizing, scheduling and agreeing to procedures to expedite the subsequent proceedings.

3. The tribunal may in its discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

4. Documents or information supplied to the tribunal by one party shall at the same time be communicated by that party to the other party or parties.

**Further Written Statements**

**Article 17**

1. The tribunal may decide whether the parties shall present any written statements in addition to statements of claims and counterclaims and statements of defense, and it shall fix the periods of time for submitting any such statements.

Exhibit A
Page 4

2. The periods of time fixed by the tribunal for the communication of such written statements should not exceed 45 days. However, the tribunal may extend such time limits if it considers such an extension justified.

Notices

Article 18

1. Unless otherwise agreed by the parties or ordered by the tribunal, all notices, statements and written communications may be served on a party by air mail, air courier, facsimile transmission, telex, telegram or other written forms of electronic communication addressed to the party or its representative at its last known address or by personal service.

2. For the purpose of calculating a period of time under these rules, such period shall begin to run on the day following the day when a notice, statement or written communication is received. If the last day of such period is an official holiday at the place received, the period is extended until the first business day which follows. Official holidays occurring during the running of the period of time are included in calculating the period.

Evidence

Article 19

1. Each party shall have the burden of proving the facts relied on to support its claim or defense.

2. The tribunal may order a party to deliver to the tribunal and to the other parties a summary of the documents and other evidence which that party intends to present in support of its claim, counterclaim or defense.

3. At any time during the proceedings, the tribunal may order parties to produce other documents, exhibits or other evidence it deems necessary or appropriate.

Hearings

Article 20

1. The tribunal shall give the parties at least 30 days advance notice of the date, time and place of the initial oral hearing. The tribunal shall give reasonable notice of subsequent hearings.

2. At least 15 days before the hearings, each party shall give the tribunal and the other parties the names and addresses of any witnesses it intends to present, the subject of their testimony and the languages in which such witnesses will give their testimony.

3. At the request of the tribunal or pursuant to mutual agreement of the parties, the administrator shall make arrangements for the interpretation of oral testimony or for a record of the hearing.

4. Hearings are private unless the parties agree otherwise or the law provides to the contrary. The tribunal may require any witness or witnesses to retire during the testimony of other witnesses. The tribunal may determine the manner in which witnesses are examined.

5. Evidence of witnesses may also be presented in the form of written statements signed by them.

6. The tribunal shall determine the admissibility, relevance, materiality and weight of the evidence offered by any party. The tribunal shall take into account applicable principles of legal privilege, such as those involving the confidentiality of communications between a lawyer and client.

Interim Measures of Protection

Article 21

1. At the request of any party, the tribunal may take whatever interim measures it deems necessary, including injunctive relief and measures for the protection or conservation of property.

2. Such interim measures may take the form of an interim award, and the tribunal may require security for the costs of such measures.

3. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

4. The tribunal may in its discretion apportion costs associated with applications for interim relief in any interim award or in the final award.

Experts

Article 22

1. The tribunal may appoint one or more independent experts to report to it, in writing, on specific issues designated by the tribunal and communicated to the parties.

2. The parties shall provide such an expert with any relevant information or produce for inspection any relevant documents or goods that the expert may require. Any dispute between a party and the expert as to the relevance of the requested information or goods shall be referred to the tribunal for decision.

3. Upon receipt of an expert's report, the tribunal shall send a copy of the report to all parties and shall give the parties an opportunity to express, in writing, their opinion on the report. A party may examine any document on which the expert has relied in such a report.

4. At the request of any party, the tribunal shall give the parties an opportunity to question the expert at a hearing. At this hearing, parties may present expert witnesses to testify on the points at issue.

Default

Article 23

1. If a party fails to file a statement of defense within the time established by the tribunal without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may proceed with the arbitration.

2. If a party, duly notified under these rules, fails to appear at a hearing without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may proceed with the arbitration.

3. If a party, duly invited to produce evidence or take any other steps in the proceedings, fails to do so within the time established by the tribunal without showing sufficient cause for such failure, as determined by the tribunal, the tribunal may make the award on the evidence before it.

Closure of Hearing

Article 24

1. After asking the parties if they have any further testimony or evidentiary submissions and upon receiving negative replies or if satisfied that the record is complete, the tribunal may declare the hearings closed.

2. The tribunal in its discretion, on its own motion or upon application of a party, may reopen the hearings at any time before the award is made.

Waiver of Rules

Article 25

A party who knows that any provision of the rules or requirement under the rules has not been complied with, but proceeds with the arbitration without promptly stating an objection in writing thereto, shall be deemed to have waived the right to object.

Awards, Decisions and Rulings

Article 26

1. When there is more than one arbitrator, any award, decision or ruling of the arbitral tribunal shall be made by a majority of the arbitrators. If any arbitrator fails to sign the award, it shall be accompanied by a statement of the reason for the absence of such signature.

2. When the parties or the tribunal so authorize, the presiding arbitrator may make decisions or rulings on questions of procedure, subject to revision by the tribunal.

Form and Effect of the Award

Article 27

1. Awards shall be made in writing, promptly by the tribunal, and shall be final and binding on the parties. The parties undertake to carry out any such award without delay.

2. The tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons need be given.

3. The award shall contain the date and the place where the award was made, which shall be the place designated pursuant to Article 13.

4. An award may be made public only with the consent of all parties or as required by law.

5. Copies of the award shall be communicated to the parties by the administrator.

6. If the arbitration law of the country where the award is made requires the award to be filed or registered, the tribunal shall comply with such requirement.

7. In addition to making a final award, the tribunal may make interim, interlocutory or partial orders and awards.

8. Unless otherwise agreed by the parties, the administrator may publish or otherwise make publicly available selected awards, decisions and rulings that have been edited to conceal the names of the parties and other identifying details or that have been made publicly available in the course of enforcement or otherwise.

Applicable Laws and Remedies

Article 28

1. The tribunal shall apply the substantive law(s) or rules of law designated by the parties as applicable to the dispute. Failing such a designation by the parties, the tribunal shall apply such law(s) or rules of law as it determines to be appropriate.

2. In arbitrations involving the application of contracts, the tribunal shall decide in accordance with the terms of the contract and shall take into account usages of the trade applicable to the contract.

3. The tribunal shall not decide as amiable compositeur or ex aequo et bono unless the parties have expressly authorized it to do so.

4. A monetary award shall be in the currency or currencies of the contract unless the tribunal considers another currency more appropriate, and the tribunal may award such pre-award and post-award interest, simple or compound, as it considers appropriate, taking into consideration the contract and applicable law.

5. Unless the parties agree otherwise, the parties expressly waive and forego any right to punitive, exemplary or similar damages unless a statute requires that compensatory damages be increased in a specified manner. This provision shall not apply to any award of arbitration costs to a party to compensate for dilatory or bad faith conduct in the arbitration.

Settlement or Other Reasons for Termination

Article 29

1. If the parties settle the dispute before an award is made, the tribunal shall terminate the arbitration and, if requested by all parties, may record the settlement in the form of an award on agreed terms. The tribunal is not obliged to give reasons for such an award.

2. If the continuation of the proceedings becomes unnecessary or impossible for any other reason, the tribunal shall inform the parties of its intention to terminate the proceedings. The tribunal shall thereafter issue an order terminating the arbitration, unless a party raises justifiable grounds for objection.

Interpretation or Correction of the Award

Article 30

1. Within 30 days after the receipt of an award, any party, with notice to the other parties, may request the tribunal to interpret the award or correct any clerical, typographical or computation errors or make an additional award as to claims presented but omitted from the award.

2. If the tribunal considers such a request justified, after considering the contentions of the parties, it shall comply with such a request within 30 days after the request.

Costs

Article 31

The tribunal shall fix the costs of arbitration in its award. The tribunal may apportion such costs among the parties if it determines that such apportionment is reasonable, taking into account the circumstances of the case.

Such costs may include:

    (a) the fees and expenses of the arbitrators;

    (b) the costs of assistance required by the tribunal, including its experts;

    (c) the fees and expenses of the administrator;

    (d) the reasonable costs for legal representation of a successful party; and

    (e) any such costs incurred in connection with an application for interim or emergency relief pursuant to Article 21.

Compensation of Arbitrators

Article 32

Arbitrators shall be compensated based upon their amount of service, taking into account their stated rate of compensation and the size and complexity of the case. The administrator shall arrange an appropriate daily or hourly rate, based on such considerations, with the parties and with each of the arbitrators as soon as practicable after the commencement of the arbitration. If the parties fail to agree on the terms of compensation, the administrator shall establish an appropriate rate and communicate it in writing to the parties.

Deposit of Costs

Article 33

1. When a party files claims, the administrator may request the filing party to deposit appropriate amounts as an advance for the costs referred to in Article 31, paragraphs (a), (b) and (c).

2. During the course of the arbitral proceedings, the tribunal may request supplementary deposits from the parties.

3. If the deposits requested are not paid in full within 30 days after the receipt of the request, the administrator shall so inform the parties, in order that one or the other of them may make the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings.

4. After the award has been made, the administrator shall render an accounting to the parties of the deposits received and return any unexpended balance to the parties.

Confidentiality

Article 34

Confidential information disclosed during the proceedings by the parties or by witnesses shall not be divulged by an arbitrator or by the administrator. Except as provided in Article 27, unless otherwise agreed by the parties, or required by applicable law, the members of the tribunal and the administrator shall keep confidential all matters relating to the arbitration or the award.

Exclusion of Liability

Article 35

The members of the tribunal and the administrator shall not be liable to any party for any act or omission in connection with any arbitration conducted under these rules, except that they may be liable for the consequences of conscious and deliberate wrongdoing.

Interpretation of Rules

Article 36

The tribunal shall interpret and apply these rules insofar as they relate to its powers and duties. The administrator shall interpret and apply all other rules.

Emergency Measures of Protection

Article 37

1. Unless the parties agree otherwise, the provisions of this Article 37 shall apply to arbitrations conducted under arbitration clauses or agreements entered on or after May 1, 2006.
2. A party in need of emergency relief prior to the constitution of the tribunal shall notify the administrator and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by e-mail, facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.
3. Within one business day of receipt of notice as provided in paragraph 2, the administrator shall appoint a single emergency arbitrator from a special panel of emergency arbitrators designated to rule on emergency applications. Prior to accepting appointment, a prospective emergency arbitrator shall disclose to the administrator any circumstance likely to give rise to justifiable doubts as to the arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the administrator to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.
4. The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceedings by telephone conference or on written submissions as alternatives to a formal hearing. The emergency arbitrator shall have the authority vested in the tribunal under Article 15, including the authority to rule on her/his own jurisdiction, and shall resolve any disputes over the applicability of this Article 37.
5. The emergency arbitrator shall have the power to order or award any interim or conservancy measure the emergency arbitrator deems necessary, including injunctive relief and measures for the protection or conservation of property. Any such measure may take the form of an interim award or of an order. The emergency arbitrator shall give reasons in either case. The emergency arbitrator may modify or vacate the interim award or order for good cause shown.
6. The emergency arbitrator shall have no further power to act after the tribunal is constituted. Once the tribunal has been constituted, the tribunal may reconsider, modify or vacate the interim award or order of emergency relief issued by the emergency arbitrator. The emergency arbitrator may not serve as a member of the tribunal unless the parties agree otherwise.
7. Any interim award or order of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

8.    A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with this Article 37 or with the agreement to arbitrate or a waiver of the right to arbitrate. If the administrator is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the administrator shall proceed as in Paragraph 2 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

9.    The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the tribunal to determine finally the apportionment of such costs.

### ADMINISTRATIVE FEES

The administrative fees of the ICDR are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

### Fees

An initial filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred.

However, if the administrator is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 * | | |
| Nonmonetary Claims** | $3,250 | $1,250 |

Fee Schedule for Claims in Excess of $10 Million .

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $ 12,500 plus .01% of the amount of claim above $ 10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

** This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee.

Parties on cases held in abeyance for one year by agreement, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

Refund Schedule

The ICDR offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all other cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

' 100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.

' 50% of the filing fee will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing.

' 25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing. No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: the date of receipt of the demand for arbitration with the ICDR will be used to calculate refunds of filing fees for both claims and counterclaims.

Suspension for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the administrator may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the tribunal may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the ICDR may suspend the proceedings.

Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the ICDR for availability and rates.

© 2007 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

Exhibit A
Page 11